**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jimmie JOHNSON, Defendant-Appellant.**

**No. 15916.**

United States Court of Appeals
Sixth Circuit.

May 11, 1965.

458

Emmett S. Long, Jr., Detroit, Mich., for appellant.

John G. Mattimoe, Asst. U. S. Atty., Toledo, Ohio, for appellee, Merle M. McCurdy, U. S. Atty., Toledo, Ohio, on the brief.

Before MILLER and EDWARDS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Appellant was indicted for the offense of engaging in the business of accepting wagers, and for wilfully failing to register and pay the special occupational tax, in violation of Title 26, U.S.C.A., Sections 4411 and 4412. On a trial before a jury, he was convicted, and, from the judgment entered thereon, he appeals.

Appellant claims that the trial court erred in refusing his requests to charge the jury; in the admission of an exhibit; and in permitting, over objection, the testimony of a government witness who had violated a ruling of the court that all

witnesses be separated; that appellant was erroneously convicted because the indictment was repugnant and duplicitous; that the trial judge was guilty of error in repetitiously referring to the possibilities of sentence; and that the court erred in denying defense counsel the right to inquire as to the "criminal record" of a government witness.

The claim that the trial court erred in refusing appellant's requests to charge is based upon the fact that the court denied his proposed instructions as to whether or not appellant was a "pick-up man," "banker," "writer," or a "headquarters man," as known in the parlance of "policy" or wagering by slips. None of these terms is used in the statute; and there were no requirements or need that they be explained in the instructions. The court properly told the jury that appellant was charged with being engaged in the business of accepting wagers, as well as wilfully failing to register and pay the special tax required by statute. In addition, the court read to the jury the various sections of the statute applicable to the offense, and those parts of the indictment relating thereto. This was sufficient, and it was not necessary to explain the argot of policy wagering. The government's evidence was directed to prove that appellant had accepted wagers. There was no evidence to support the theory that he was a member of one of several classes of gamblers or persons engaged in accepting wagers; and he was not entitled to an instruction defining such classes.

With regard to the claim of error in the introduction of evidence, this refers to the exhibit of slips which had been delivered to a man who was a government investigator and, afterward, a witness in the case; and it was submitted as evidence of a lottery wager he had placed. Appellant had accepted the wager and had written the slip, and was present when the wager, represented by the exhibit, was placed. This exhibit had probative evidence indicating that appellant was in the business, and justi-fied an inference that he was in the business of accepting wagers.

In regard to the claim of error that a witness had violated a ruling of the court that all witnesses be separated during the trial, it is the law that the violation of the rule does not automatically bar a witness from testifying, but is a matter within the court's discretion. United States v. Bostic, 327 F.2d 983, C.A.6; and the exercise of such discretion will not be disturbed, except in case of clear abuse. Powell v. United States, 208 F.2d 618, C.A.6. Moreover, the answers of the witness were not affected because of his presence in court, as it appears that he was drawing only on his own experience in giving his testimony. The court stated at the outset of his testimony that if any question were asked, the answer to which might, in any respect, be affected because of the presence of the witness at any previous session of the court, it would be ruled out.

As to the indictment's being duplicitous, it charged that appellant had violated Title 26, U.S.C.A. by not complying with the provisions of Title 26, U.S.C.A. Sections 4411 and 4412. These, in themselves, are not criminal sections, but are provisions requiring registration and payment of the special occupational tax. It is Section 7203 of Title 26 which provides the penalty for violation of the prior sections. We consider that the inclusion of the three sections above mentioned in a single count would not render the indictment duplicitous. Travis v. United States, 247 F.2d 130, C.A.10. In any event, defects in an indictment, other than claims that it fails to show jurisdiction in the court or that it does not charge a crime, may be raised only by motion before trial. Here, there was no motion filed before trial raising the question, and, while a motion to dismiss was filed, it did not mention the question of duplicity which was raised for the first time on this appeal. The claim of error based on this ground is without merit.

Appellant's contention that the trial court was guilty of error in his instructions to the jury by repetitiously re-

ferring to the possibilities of sentence, is without substance, and, moreover, was not objected to at the trial. It, therefore, cannot now be considered. Rule 30 of the Federal Rules of Criminal Procedure.

Claim of error is based upon the court's ruling that defense counsel could not ask a government witness on cross-examination if he had a criminal record. The cross-examination was as follows:

"Q. Have you ever been arrested or does the government have anything on you?

"A. No, sir.

"Q. Ever been arrested for numbers?

"A. No, sir.

"Q. You have no criminal record?

"Mr. MATTIMOE: I object, your Honor.

"THE COURT: Objection sustained."

The court properly sustained the objection. Such questions relating to prior offenses of a witness must be limited to asking him whether he has been convicted of a felony or of a crime; and such crimes must be of a character involving moral turpitude. Henderson v. United States, 202 F.2d 400, C.A.6.

No reversible error appearing in the court's instructions, or in the conduct of the trial, the judgment is affirmed.