**UNITED STATES of America, Plaintiff-Appellee,**

v.

**ONE 1963 CADILLAC CONVERTIBLE COUPE, Serial No. 63 F079329, 1963 Ohio License No. 1377-H, and Jimmie Johnson, Defendants-Appellants.**

**No. 16208.**

United States Court of Appeals Sixth Circuit.

Oct. 22, 1965.

Thomas G. Papps, Toledo, Ohio, for appellants.

John G. Mattimoe, Asst. U. S. Atty., Toledo, Ohio (Merle M. McCurdy, U. S. Atty., Toledo, Ohio, on the brief), for appellee.

Before PHILLIPS and EDWARDS, Circuit Judges, and THORNTON, District Judge.

PER CURIAM.

This appeal results from the seizure of a 1963 Cadillac automobile by Internal Revenue agents. A libel was filed before the United States District Court for the Northern District of Ohio, Western Division, charging that the vehicle had been used by one Jimmie Johnson, the owner and claimant herein, in violation of the Internal Revenue Code of 1954. The libel alleged that claimant had used the Cadillac to carry on a business of accepting wagers in the numbers business without having paid the occupational tax as required by Title 26 U.S.C. §§ 4411, 4412, and 4901.[1]

Forfeiture was ordered by the District Judge under 26 U.S.C. § 7302.

The District Judge entered findings of fact which included the following:

"4. The subject vehicle was used by the Claimant on September 16, 1963, October 7, 1963, and other dates, to transport numbers lottery wagering slips and money, to and from the A & M Market. The Claim-

[1]. This court recently affirmed the conviction of claimant on a jury verdict of guilty of engaging in the business of accepting wagers and for willfully failing to register and pay the special occupational tax, in violation of 26 U.S.C. §§ 4411, 4412. United States v. Johnson, 345 F.2d 457 (C.A. 6, 1965).

ant, on the dates mentioned and various other dates, accepted numbers lottery wagers while in the A & M Market, and transported these wagers in the subject vehicle.

\* \* \* \* \* \*

"7. After hearing all witnesses, greater weight is assigned to the credibility of the Government's witnesses, Edward Harris and Gregory Michael than to the Claimant and his witnesses."

The principal appellate issues herein presented concern the credibility of these two witnesses.

We have reviewed the conflicting testimony and conclude that on this record we cannot hold the District Judge's findings of fact to be "clearly erroneous." Rule 52(a), Fed.R.Civ.P.

"The District Court heard the witnesses, and was the proper judge of their credibility." Walling v. General Industries Co., 330 U.S. 545, 550, 67 S.Ct. 883, 885, 91 L.Ed. 1088 (1947).

The judgment is affirmed.