436 F.2d 1092
 UNITED STATES of America, Plaintiff-Appellee,
v.
Byford Lee HURST, Defendant-Appellant.
No. 30167 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Jan. 15, 1971.
 
 James W. Markel, Winter Park, Fla., for defendant-appellant.
 John L. Briggs, U.S. Atty., Kendell W. Wherry, Asst. U.S. Atty., Orlando, Fla., for plaintiff-appellee.
 Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is from a conviction of violating Title 18 U.S.C.A. Section 1702, unlawful interception of mail. The appeal asserts the sole claim that the district court committed prejudicial error in permitting the court reporter, after a request from the jury, to read the testimony of a prosecution witness to the jury.
 
 
 2
 The jury had been deliberating some two hours when the request was made. All of the testimony of the particular witness was read to the jury. The testimony was directed to appellant's role in the transaction which formed the subject matter of the crime charged vis a vis the role of a co-defendant and their joint activity. His testimony rounded out the factual picture in that it shows that he cashed the check for appellant which was taken from the mail, and after appellant had endorsed it. Appellant's defense was that he had nothing to do with the interception of the check.
 
 
 3
 We find no abuse of discretion on the part of the district court in permitting the reading of the testimony of this witness to the jury under the circumstances here. Sears v. United States, 5 Cir., 1965, 343 F.2d 139; Easley v. United States, 5 Cir., 1958, 261 F.2d 276. See also Pinckney v. United States, 5 Cir., 1965, 352 F.2d 69, in which we upheld a district court's refusal to allow testimony to be read at the jury's request.
 
 
 4
 Affirmed.