**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Hugh Erbie BROOKS, Wallace Bridgeforth, James S. Simmons, James Kimble, Defendants-Appellants.**

**No. 14798.**

United States Court of Appeals Sixth Circuit.

June 12, 1962.

Robert E. Lillard, Nashville, Tenn., A. A. Birch, Jr., Nashville, Tenn., on brief, for defendants-appellants.

Carrol D. Kilgore, Asst. U. S. Atty., Nashville, Tenn., Kenneth Harwell, U. S. Atty., Nashville, Tenn., on brief, for plaintiff-appellee.

Before MILLER, Chief Judge, CECIL, Circuit Judge, and BOYD, District Judge.

PER CURIAM.

The appellants herein were convicted in the United States District Court for the Middle District of Tennessee, Nashville Division, on a two-count information.

The first count charged that during the period beginning July 1, 1960, up to and including September 28, 1960, the appellants, being persons engaged in the business of accepting wagers, willfully failed and refused to register with the Director of Internal Revenue, for the Internal Revenue Collection District of Tennessee, at Nashville, in violation of Section 7203 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7203. The second count charged that they failed and refused to pay an occupational tax, in violation of Section 7262, of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7262.

Upon execution of a search warrant, the appellants were found in possession of various numbers tickets and other items used in carrying on a numbers lottery.

One of the claims made by counsel for the appellants is that the search warrant was invalid. In this respect the first contention is that the warrant was issued upon unsworn attachments containing material facts relied upon as a part of the affidavit. The affidavit upon which the search warrant was issued was made upon a form "Affidavit for Search Warrant." The affidavit appears to be signed by John B. Anderson, Jr., Special Agent, Intelligence Division, Internal Revenue Service, and sworn to by him before J. Washington Moore, United States Commissioner.

In the space for a description of the premises to be searched, the description is started and there being insufficient space to complete it, there is a note: "(continued on attachment No. 1)." The description is continued on a plain sheet of paper headed "Attachment No. 1" which is fastened to the affidavit form by staples.

Similarly, in the space for stating the facts to establish the grounds for issuing the warrant, there is a note: "(continued on attachment No. 2)." Under this heading there are three sheets of plain paper containing a statement of facts. These sheets are also attached to the affidavit form by staples. Each of these sheets purports to be signed by John B. Anderson, Jr., and dated "9-26-60," the date of the affidavit. Mr. Anderson testified that the attachments and everything else were attached to the form copy of the search warrant, at the time he swore to it.

The affidavit form and the attachments appear to be one complete document, regular on its face and we presume Mr. Anderson, the special agent, and Mr. Moore, the commissioner, properly performed their duties. If the attachments were fastened to the affidavit form, at the time it was signed and sworn to by Mr. Anderson, the search warrant as issued was valid.

Other objections made to the validity of the search warrant are that the matters set out in the affidavit to establish probable cause for the search are too far removed in point of time to support such a finding and that the premises to be

searched were not sufficiently described to be identified and to exclude other premises of similar description.

 According to the affidavit of Mr. Anderson, his surveillance began on August 22, 1960, and continued over a period of time, until, on September 26, 1960, he searched the records to ascertain if any one living in the premises described in the affidavit was registered as being engaged in the business of accepting wagers. We do not consider the facts as alleged insufficient to support a finding of probable cause, nor do we consider that the description of the premises to be searched is lacking in particularity.

We find no defect in the search warrant as issued, or in the procedure by which it was procured.

Finally, it is claimed that the testimony of certain government witnesses should have been excluded. At the trial, the court, at the request of counsel for the appellants, granted a motion for sequestration of witnesses. During a recess, after the first government witness had testified, a government special agent, Mr. Lowry, went into the witness room and made a statement that counsel for the appellants asked the witness over and over who shouted at the back door and who first went in the back door.

 Whether the rule of sequestration of witnesses is allowed is a matter of discretion with the trial judge. It is equally a matter of discretion for a trial judge, in the conduct of a trial, to determine the application of the rule and whether it has been violated. As stated by Judge Miller in his order overruling motion for new trial, witnesses are not automatically excluded after a violation of the rule. Whether or not there is prejudice is within the sound discretion of the court. See: Holder v. United States, 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010; Easley v. United States, 261 F.2d 276, C.A.5; Coates v. United States, 59 F.2d 173, 175, C.A.9. Here the trial judge found that the appellants were not prejudiced by reason of the alleged violation of the rule of exclusion, and we are in accord with that conclusion.

Finding no reversible error in the record, the judgment of the District Court is affirmed.