ISAAC BAILEY and LEONARD ROBINSON,
Plaintiffs in Error, v. STATE OF TENNESSEE,
Defendant in Error.

460 S.W.2d 380.

Court of Criminal Appeals of Tennessee. April 30, 1970.

Certiorari Denied by Supreme Court Nov. 2, 1970.

B. Stewart Jenkins, Chattanooga, for plaintiffs in error.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, Paul W. Herrell, John R. Seymour, Asst. Dist. Attys. Gen., Chattanooga, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendants, Isaac Bailey and Leonard Robinson, were convicted of murder in the first degree in Hamilton County and sentenced to life imprisonment.

By their assignments of error, they first say that the evidence preponderates against the verdict.

The State's proof shows that the day before the killing the deceased, John Edward Lowe, and Bailey, age 22, were in a dice game, following which Lowe accused Bailey of cheating and shot him in the arm. The record refers to Robinson as Bailey's father.

The next day, April 8, 1967, at 9:30 or 10 P.M., the deceased and a brother, William Lowe, were visiting a friend of the brother; the defendants came there and talked with the deceased, after which the defendants, the deceased and one Ernest Edward Ray walked up the sidewalk; Bailey was in front of the deceased and Robinson behind him. Robinson stepped aside, pulled a pistol from his pocket and shot the deceased in the head. He then handed the pistol to Bailey, telling him that the deceased had shot him (Bailey) Friday and, "Now you kill him." Bailey stood over the deceased and shot him several times, after which he said, "Say, I told you all I would kill him. There he lays."

Both defendants testified. Robinson says he was not present at the time of the shooting and had nothing to do with it. He testified that he was walking home, heard the shots but thought nothing about them until he saw Bailey with the pistol in his hand.

Bailey testified that the deceased was concerned about what Bailey had told the officers concerning the previous night's shooting; that Lowe told him that he was not going to give him (Bailey) a chance and started to pull a pistol from his pocket. At that time he says he stepped aside and shot Lowe only in his own necessary self-defense. He also says that Robinson was not there.

In these assignments on the evidence, the defendants say that the State's proof shows that the first shot killed the deceased and that the other shots were not fatal; that only the defendant who fired the first shot was guilty of the homicide. The medical proof showed that the deceased was shot five times, one shot lodging in the right brain and being the principal cause of death. These bullets entered about the mouth and medical proof shows that the deceased died of gunshot wounds. The pathologist did not say that only the first shot caused death. The defendants also contend that there is no proof of premeditation, particularly as to Bailey.

Premeditation is shown by the defendant's statements at the time of the killing. Although the shot in the brain was fatal, the death actually resulted from all of the shots and each defendant was guilty under the proof. The jury accepted the State's theory of the evidence. In considering and passing on the assignments on the evidence, this court is bound by the rule that a conviction will not be reversed on the facts unless it is shown by the defendants the evidence preponderates against the verdict and in favor of their innocence. Schweizer v. State, 217 Tenn. 569, 399 S.W.2d 743. This they have not done, and these assignments are overruled.

The defendant next says that the court erred in refusing to permit him to call a brother of the deceased as a witness. While his proof in chief was being presented, the defendant called as a witness Charles Lowe, a brother of the deceased who had been in the courtroom. The defendant insisted that this testimony was in rebuttal. The court held that the testimony was not in rebuttal and that it would violate the rule on exclusion and separation of witnesses. The defendant did not renew his offer of proof after the State's rebuttal. We do not think the court abused his discretion in this ruling. He has large discretion in such matters. See Nance v. State, 210 Tenn. 328, 358 S.W.2d 327.

There were no objections to the State's arguments. We have carefully read the opening and closing arguments, along with the parts the defendants claim objectionable, and find no prejudicial remarks in them.

We have considered all assignments and find them without merit.

The judgment of the trial court is sustained.

DWYER and HYDER, JJ., concur.