**Leonard ROBINSON and Isaac Bailey**

**v.**

**STATE OF TENNESSEE and Weldon Cox, Warden, Tennessee State Penitentiary.**

**Civ. A. No. 6228.**

United States District Court,
E. D. Tennessee, S. D.

March 27, 1972.

Lowry F. Kline, Chattanooga, Tenn., for petitioners.

Edward E. Davis, Dist. Atty. Gen., Chattanooga, Tenn., David M. Pack, Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM and ORDER

FRANK W. WILSON, District Judge.

This is a proceeding upon a petition for habeas corpus wherein the petitioners seek to set aside their convictions and sentences imposed in the state court case of "State of Tennessee v. Isaac Bailey and Leonard Robinson," Tenn., Docket Nos. 112,714 and 112,715 in the Criminal Court for Hamilton County, Tennessee. The case is before the Court upon the petition, the answer of the respondent, the full transcripts of both the original trial and the retrial of the petitioners in the state criminal court, the record on post-conviction proceedings in the state court and the briefs of the parties. The Court has previously entered its order finding all issues to be without merit and dismissing the petition. Upon motion to reconsider, the Court reopened the case to the extent of receiving oral argument upon the contention of the petitioners that their constitutional right to present witnesses was denied by the action of the state trial court in refusing to permit the defendants to present the testimony of the witness, Charles Lowe.

At the time of the oral argument, counsel for the petitioners also sought to reassert the contention that perjured testimony was used upon the state court trial. This contention is unsupported by any factual allegations or any citations to the record. Furthermore, there is no allegation or showing that there was any knowing use by the prosecution of perjured testimony. A mere allegation of perjured testimony, in the absence of knowing use of such

perjured testimony by the prosecution, does not ordinarily rise to the level of a constitutional error. Enzor v. United States, 296 F.2d 62 (C.A.5) cert. den. 369 U.S. 854, 82 S.Ct. 940, 8 L.Ed.2d 12; see also Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). The petitioners' contentions regarding perjured testimony is unsupported in the record in this case either in fact or in law.

Turning to the trial court's action in denying the use of a witness, the following facts are undisputed in the record. The petitioners, Leonard Robinson and Isaac Bailey, were indicted and jointly tried in the Criminal Court for Hamilton County, Tennessee, upon a charge of murder in the first degree in connection with the shooting death of one John Edward Lowe, who was shot to death upon April 8, 1967. Upon the initial trial of the case, which commenced upon July 26, 1967, the petitioners were each found guilty of murder in the first degree and were each sentenced to life imprisonment. Their convictions were reversed on appeal for failure of the court reporter to transcribe the argument of counsel. The petitioners were jointly retried at a trial commencing upon March 5, 1969, and were again found guilty and sentenced to life imprisonment. This conviction was affirmed upon appeal. See Bailey v. State, Tenn.Cr.App., 460 S.W. 2d 380. The petitioners, having now exhausted their state court post-conviction remedies, seek relief from this state court conviction in this federal habeas corpus proceeding.

The record reflects that upon request of counsel for the defendants (the petitioners herein) made at the commencement of the second trial, all prospective witnesses were sworn and excluded from the courtroom under the rule. Witnesses for the prosecution were then presented who testified that the defendant, Leonard Robinson, shot the deceased in the back of the head and then handed the pistol to the defendant Bailey, who thereupon fired four more shots. In addition to the other witnesses, each of the defendants testified upon behalf of their defense. The defendant Bailey admitted that he shot Lowe but claimed that it was in self-defense and only after Lowe had attempted to pull a pistol on him. He testified that the defendant Robinson was not present at the time of the shooting. The defendant Robinson testified in support of this version of the defense. Also in support of the defendants' contention that the deceased was in possession of a pistol, a witness was offered who testified that she saw a pistol lying upon the ground near the victim's body and that Charles Lowe, brother of the deceased, picked up the pistol and ran away with it. In the course of the examination of this witness counsel for the defendants made reference to the fact that Charles Lowe was sitting in the courtroom and asked that the witness identify him as the one who took the pistol (Tr. pp. 111 and 113). The defense then sought to call Charles Lowe as a witness but was denied the right to do so upon objection from the prosecution that the witness had been in the courtroom throughout the trial in violation of the rule. No offer of proof was made with regard to the testimony of the witness, Charles Lowe, but reference was made by counsel for the defendants to the fact that he had testified at the first trial, that his testimony was available in the record of that trial, and that "he is not favorable to me. The State knows what his testimony is." (Tr. p. 124)

Upon the initial trial the prosecution called Charles Lowe as a rebuttal witness. Among other matters he testified as follows:

"Q All right. When you got to where your brother was, did you see a gun?

"A No.

"Q See anybody with a gun or one lying around at all?

"A No.

"Q How old are you?

"A Eighteen.

"Q Eighteen. Shade, did you pick up a gun and leave with it?

"A  I really couldn't tell you, but I don't believe there was.

"Q  Sir?

"A  I couldn't tell you because I don't know.

"Q  Did you see a gun?

"A  No."  (Tr. p. 193)

On cross-examination by counsel for the defense the witness testified:

"Q  All right, Charles, Beverly testified that you picked up a pistol beside your brother and ran down the street with it.  Is that what happened?

"A  No, there was never no call I made.

"Q  You don't really know?

"A  No, I know there wasn't no pistol, if it did I don't know how it got in my hand.

"Q  You were so upset you don't know what happened?

"A  That's right

"Q  You were upset?

"A  That's right."  (Tr. p. 195)

■  The sequestration of witnesses is within the sound discretion of the trial judge, as is the application of the rule and determining whether it has been violated in the conduct of the trial. United States v. Brooks, (C.A. 6, 1962) 303 F.2d 851, cert. den. 371 U.S. 889, 83 S.Ct. 184, 9 L.Ed.2d 122.  Although many cases make broad and unqualified statements to the effect that the trial court has broad discretion to either admit or exclude testimony sought to be given where the rule has been violated, it would appear that under the more carefully reasoned cases the trial court's discretionary power is limited, at least insofar as the right to exclude testimony is concerned.  The rule in this regard was stated as follows in the case of Holder v. United States, 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010 (1893):

"If a witness disobeys the order of withdrawal, while he may be proceeded against for contempt, and his testimony is open to comment to the jury by reason of his conduct, he is not thereby disqualified, and the weight of authority is that he cannot be excluded on that ground, merely, although the right to exclude under particular circumstances may be supported as within the sound discretion of the trial court."

Thus, in the case of United States v. Schaefer, 299 F.2d 625, 14 A.L.R.3d 1 (C.A. 7, 1962), cert. den. 370 U.S. 917, 82 S.Ct. 1553, 8 L.Ed.2d 497, the Court held that it was error for the trial court to disqualify a witness merely because of his disobedience to a rule requiring sequestration and in the absence of some showing of particular circumstances indicating that the witness remained in court with the consent, connivance, procurement or knowledge of the party seeking to use the witness or of his attorney.  See Annotation: "Effect of Witness's Violation of Order of Exclusion," 14 A.L.R.3d 16.  The cases so far discussed deal only with the question of whether reversible error on appeal was committed by the admission or exclusion of a witness's testimony.  While it is clear that no constitutional issue is raised by the admission of testimony given by a witness who has remained in the courtroom in violation of the rule, some difference does exist in the few cases that have dealt with the subject as to whether exclusion of such a witness's testimony could raise a constitutional issue.  In Carroll v. Neil, 305 F.Supp. 1327 (E.D.Tenn., 1969), the Court concluded that any error in excluding testimony of a witness violating the rule "does not reach constitutional levels."  See also Stone v. Wingo, 416 F.2d 857 (C.A. 6, 1969).

■  The Court is of the opinion that a more accurate statement of the law is that a defendant in a criminal prosecution has a constitutional right to present his witnesses and therefore he cannot be deprived of their testimony merely because they have violated an order of exclusion, where neither he nor his counsel was at fault for the violation.  See Degg v. State, (1907) 150

Ala. 3, 43 So. 484; Parker v. State, (1887) 67 Md. 329, 10 Atl. 219. See also Annotation: "Effect of Witness's Violation of Order of Exclusion" 14 A. L.R.3d 16 at 54. The punishment of a witness offending the rule is adequate to secure enforcement of an exclusion order without depriving a party who is in no way at fault from presenting his case. Furthermore, the credibility of the witness could be tested by reference to his violation of the rule. A court, however, should have no discretion to exclude the testimony of a witness violating an exclusion rule where the testimony of the witness was material to the case and where such violation was without fault on the part of a party or his counsel.

■ In applying the above stated rule to the trial record now before the Court, several matters must be borne in mind. In the first place, it should be noted that it was the defendants who invoked the rule excluding witnesses from the trial. In the second place, although there is no evidence that the defendants or their counsel participated in the witness's initial failure to observe the exclusionary order of the trial court, it is clear from the record that counsel for the defendants was aware of the presence of the witness in the courtroom and did nothing to secure his compliance with the rule. As noted above, counsel for the defendants specifically referred to the presence of the witness in the courtroom in the course of his examination of another witness (Tr. pp. 111 & 113). It is clear that counsel for the defendants knowingly permitted the witness to remain in the courtroom and used his presence as a part of his examination of another witness. Finally, the excluded witness's testimony, as reflected in the initial trial and as set forth in full above, renders highly dubious any possible prejudice to the defendants in being denied the witness's testimony. The testimony of Charles Lowe, the excluded witness, as given on the first trial was either prejudicial to the defendants' case or so inconclusive as to be of no value to the defendants' case. This was recog-

nized when counsel for the defendants advised the Court, in referring to Charles Lowe, "He is not favorable to me. The State knows what his testimony is." (Tr. p. 124) Under the foregoing circumstances, any error in excluding the testimony of the witness, Charles Lowe, would at most be harmless error beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Having found all issues sought to be raised in the petition for habeas corpus before the Court in this case to be without merit, it is accordingly ordered that the petition be and the same is hereby dismissed as being without merit on the face of the record. A copy of this order will be mailed to the petitioners and to counsel for the respective parties.

Approved for entry.