Leonard **ROBINSON** and Isaac Bailey,
Petitioners-Appellants,

v.

**STATE OF TENNESSEE and Weldon
Cox, Warden, Tennessee State Penitentiary, Respondents-Appellees.**

No. 72–1547.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 5, 1973.

Decided March 7, 1973.

———◆———

Lowry F. Kline (Court appointed),
Chattanooga, Tenn., for petitioners-appellants.

R. Jackson Rose, Asst. Atty. Gen.,
Nashville, Tenn., David M. Pack, Atty.
Gen., of counsel, for respondents-appellees.

Before PHILLIPS, Chief Judge, and
EDWARDS and MILLER, Circuit
Judges.

PER CURIAM.

Appellants appeal from denial of their
petitions for writs of habeas corpus by
the United States District Court for the
Eastern District of Tennessee, Southern
Division. They present three appellate
claims: 1) denial of effective assistance
of counsel at their state court trial; 2)
denial of due process in being refused
the opportunity to call a particular witness, and 3) denial of due process by
prejudicial remarks of the prosecuting
attorney in his jury argument.

On review of the appellate briefs and
oral arguments the two orders filed by
the District Judge in the District Court
proceedings and the transcripts of the
two state court trials, we affirm the
judgment of the District Court denying
habeas corpus relief, 340 F.Supp. 82.

The remarks of the prosecutor complained of clearly do not rise to federal
constitutional dimensions.

The refusal of the state trial
judge to allow a witness to testify when
such witness had been in the courtroom
all during the trial, in violation of a sequestration order, was within the discretion vested in the trial judge. *See* United States v. Brooks, 303 F.2d 851 (6th
Cir. 1962). It certainly did not represent any deprivation of appellants' constitutional rights. Review of the first
state court trial record shows conclusively that the witness was not an eyewitness to the killing and that his testimony would have been of little if any help
to appellants.

Additionally, the record discloses
that separate counsel had been appointed
for each appellant, but that appellant
Bailey voluntarily discharged his appointed counsel and retained the same

counsel who had been appointed for appellant Robinson. In this set of circumstances, we find no deprivation of the Sixth Amendment right to counsel.

The judgment of the District Court is affirmed.