**FOUR–WAY COAL COMPANY,**
Plaintiff-Appellant,

v.

**CLARK EQUIPMENT COMPANY,**
Defendant-Appellee.

**BLACK DIAMOND AUGER MINING,
INC., Plaintiff-Appellant,**

v.

**CLARK EQUIPMENT COMPANY,**
Defendant-Appellee.

**FARRELL MINING COMPANY and
Farco Company, Inc.,**
Counter-Defendants-Appellants,

v.

**SIMMONS MACHINERY COMPANY,
INC., Counter-Plaintiff-Appellee.**

Nos. 74–1165–74–1167.

United States Court of Appeals,
Sixth Circuit.

Feb. 19, 1975.

Glenn W. Denham, Denham, Ralston & Nagle, Middlesboro, Ky., Thomas W. Prewitt, Butler, Snow, O'Mara, Stevens & Canada, Jackson, Miss., Foster D. Arnett, Arnett, Draper & Hagood, Knoxville, Tenn., for plaintiffs-appellants, counter-defendants-appellants.

W. Keith McCord, Egerton, McAfee, Armistead, Davis & McCord, Knoxville, Tenn., William H. Mills, Birmingham, Ala., Robert R. Campbell, Hodges, Doughty & Carson, Knoxville, Tenn., for defendant-appellee, counter-plaintiff-appellee.

Before EDWARDS and ENGEL, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

These are three suits involving the sale or leasing of Clark Equipment Company's Model 475 421E Front End Loader. Four-Way Coal Company sued Clark Equipment in No. 74–1165; Black Dia-

mond Auger Mining, Inc., sued Clark Equipment in No. 74–1166; Farrell Mining Company and Farco Company, Inc., sued Simmons Machinery Company, Inc., in 74–1167, and in turn Simmons Machinery counterclaimed against Farrell and Farco for unpaid rent on the equipment involved.

The original plaintiffs in all these cases claim damages resulting from misrepresentations which had been made to them by Clark concerning the excellence and reliability of front end loading equipment. They sought to prove excessive breakdowns.

■ These diversity actions are grounded upon Tennessee law allowing recovery for tortious misrepresentation. Ford Motor Co. v. Lonon, 217 Tenn. 400, 398 S.W.2d 240 (1966); Ford Motor Co. v. Taylor, 60 Tenn.App. 271, 446 S.W.2d 521 (1969).

There was an 11-day jury trial before District Judge Morton in this case. The plaintiffs' proofs seemed to attempt to establish that in spite of Clark's representations that the 475 was a "proven" and "standard in the industry" earthmover, it was, in fact, so full of mechanical problems as to be available for production less than 50% of the time. It appears, however, that this is a sheer estimate, that none of the plaintiffs kept any record of the breakdowns they experienced with the 475's, that none of the plaintiffs ever offered to turn the machinery back to the seller or the lessor, as the case might be, and that the only records used to prove down time pertained to gasoline use, as to which records there is no breakdown between the gas used for these pieces of equipment and the gas used for other pieces of earthmoving machinery.

Simmons' proofs on the other hand are both specific and undisputed as to the amounts owed them for rent under their lease agreement with Farrell and Farco.

Judge Morton gave a lengthy instruction to the jury as to which neither side objected and the jury found in favor of the defendants in relation to the plaintiffs' suits and found a verdict for Simmons on its counterclaim in the sum of $54,484.75.

■ Before us plaintiffs argue that the District Judge erred in failing to grant their motions for directed verdicts. They also argue that the court committed reversible error when it excluded the testimony of a witness named James Ferguson.

We believe that this case was well tried by a careful judge and that it was presented to a jury in a charge which we have already noted drew no objections from any party. Since there were material conflicts of evidence pertaining to both the amount of "down time" experienced on these machines and the causes therefor, the District Judge in our judgment committed no error by refusing plaintiffs' motions for directed verdicts in each of these three cases. Fortner Enterprises, Inc. v. United States Steel Corp., 452 F.2d 1095 (6th Cir. 1971), cert. denied, 406 U.S. 919, 92 S.Ct. 1773, 32 L.Ed.2d 119 (1972); Dowdell v. U. S. Industries, Inc., 495 F.2d 641 (6th Cir. 1974). See also Brady v. Southern Ry. Co., 320 U.S. 476, 479–80, 64 S.Ct. 232, 88 L.Ed. 239 (1943).

■ We have examined with care the contention that the court committed reversible error in striking the testimony of James Ferguson because the District Judge found that he had violated the District Judge's instruction for sequestration of witnesses. Our examination convinces us that both the instruction and the action taken by the District Judge to enforce it were within his judicial discretion. United States v. Brooks, 303 F.2d 851 (6th Cir.), cert. denied, 371 U.S. 889, 83 S.Ct. 184, 9 L.Ed.2d 122 (1962); Robinson v. State of Tennessee, 474 F.2d 1273 (6th Cir.), cert. denied, 414 U.S. 848, 94 S.Ct. 137, 38 L.Ed.2d 96 (1973), See also Holder v. United States, 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010 (1893).

■ In the Farrell-Farco suit against Simmons, it is important to note that no offer to return the allegedly defective equipment was ever made prior to the time that Simmons saw fit to take it

back because of an eight-month lapse of rental payments. The lapse of rental payments is undisputed and on this score the jury award on Simmons' counterclaim is supported by evidence.

No other appellate issues meriting discussion are presented.

The judgments of the District Court are in all respects affirmed.