## HOLDER *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
WESTERN DISTRICT OF ARKANSAS.

No. 826. Submitted October 20, 1893. — Decided October 30, 1893.

The question of excluding a witness, pending the testimony of other witnesses in a trial for murder, is within the discretion of the trial court; but if a witness disobeys the order of withdrawal, he is not thereby disqualified, but may be proceeded against for contempt, and his testimony is open to comment to the jury by reason of his conduct.

A general exception to a charge, which does not direct the attention of the court to the particular portions of it to which objection is made, raises no question for review.

The denial of a motion for a new trial cannot be assigned for error.

THE case is stated in the opinion.

No appearance for plaintiff in error.

*Mr. Assistant Attorney General Whitney* for defendants in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Holder was convicted of the murder of one Bickford, in the Choctaw Nation, on December 24, 1891. Upon the trial three exceptions were saved, namely : to the overruling of objections to the testimony of a witness who had been present during the examination of the other witnesses in disobedience of an order of court on that subject; to the entire charge of the court; and to the denial of a motion for a new trial.

1. It seems that the court directed the witnesses, except the one under examination, to be excluded from the court-room, and that John Bickford, an uncle of the deceased, remained notwithstanding, but that no objection on that ground was made to Bickford testifying until after he had done so, other evidence had intervened, and he was recalled to testify in rela-

tion to the turning over to him by the United States marshal of some personal property of the deceased.

It was then objected that he had heard the testimony of the other witnesses in disregard of the direction of the court in that behalf, and the objection was overruled.

Upon the motion or suggestion of either party, such a direction as that in question is usually given. If a witness disobeys the order of withdrawal, while he may be proceeded against for contempt and his testimony is open to comment to the jury by reason of his conduct, he is not thereby disqualified, and the weight of authority is that he cannot be excluded on that ground merely, although the right to exclude under particular circumstances may be supported as within the sound discretion of the trial court. 1 Greenl. Ev. (15th ed.) § 432, and cases cited; *Chandler* v. *Horn,* 2 Moody & Rob. 423; *Rex* v. *Colley,* Moody & Malkin, 329; *Bulliner* v. *People,* 95 Illinois, 394; *State* v. *Ward,* 61 Vermont, 153, 179; *Laughlin* v. *State,* 18 Ohio, 99; *Wilson* v. *State,* 52 Alabama, 299; *Lassiter* v. *State,* 67 Georgia, 739; *Smith* v. *State,* 4 Lea, (Tenn.,) 428; *Hubbard* v. *Hubbard,* 7 Oregon, 42. Clearly, the action of the court in admitting the testimony will not ordinarily be open to revision. Tested by these principles, the exception under consideration cannot be sustained.

2. There is no pretence that the charge of the court, occupying twenty-four pages of the printed record, was erroneous in every part, and no exception to any particular part is shown. The rule is that a general exception to a charge, which does not direct the attention of the court to the particular portions of it to which objection is made, raises no question for review. *Burton* v. *West Jersey Ferry Co.,* 114 U. S. 474; *Chateaugay Ore & Iron Co.* v. *Blake,* 144 U. S. 476, 488; *Lewis* v. *United States,* 146 U. S. 370.

3. It has also been settled by a long line of decisions of this court that the denial of a motion for new trial cannot be assigned for error. As observed by Mr. Justice Lamar, in *Van Stone* v. *Stillwell & Bierce Mfg. Co.,* 142 U. S. 128, 134, no authorities need be cited in support of the proposition.

*Judgment affirmed.*