The ship must be held solely to blame.

---

### UNITED STATES v. MOONEY et al.

#### (District Court, E. D. New York. December 11, 1920.)

**Criminal law ⬅️665(4), 921—Court may exclude, on objection of codefendant, testimony of witness who disregarded rule; new trial held not required.**

It is within the discretion of the trial court to exclude the testimony of a witness who disregarded the rule excluding him from the courtroom, if the particular circumstances justify it, and the exclusion of the testimony of such witness, when he was called by a defendant who did not subpœna him, on the objection of the codefendant who did subpœna the witness, but who did not desire his testimony, does not require the granting of a new trial, especially where the testimony, if not actually immaterial, would not have been sufficient to justify disturbing the verdict.

One Mooney and others were convicted of conspiring to steal property belonging to the United States. On motion by defendant Rosenberg for a new trial. Motion denied.

Leroy W. Ross, of Brooklyn, N. Y. (Charles J. Buchner, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

K. Henry Rosenberg, of New York City, for defendant Rosenberg.

GARVIN, District Judge. Four defendants have been convicted, after a trial by jury, of the charge of conspiring to steal property belonging to the United States of America. The defendant Rosenberg moves to set aside the verdict and for a new trial, upon the ground that he has been deprived of his constitutional right to be heard and fully present his defense.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At the beginning of the trial counsel for all defendants and for the government joined in asking the court to exclude from the trial all witnesses except the one under examination. This application was granted. As the testimony of the government was presented, reference was made from time to time to one Fox. As the defense proceeded the defendant Rosenberg called in his own behalf said Fox, to be sworn as a witness. Fox, however, had been brought to the trial as a witness for one of the other defendants. Whereupon one of the jurors called attention to Fox having been present in the courtroom while testimony was being received and in violation of the direction of the court. The defendant Sonand, who had not subpoenaed the witness, objected to the testimony, and it was excluded.

No authority has been brought to the attention of the court bearing directly upon the proposition whether the right of one defendant to have a direction of the court (concededly within its power) enforced may be disregarded, in order that another attorney may take the testimony of a witness who has disregarded the court's direction. Holder v. United States, 150 U. S. 91, 14 Sup. Ct. 10, 37 L. Ed. 1010, involved only one defendant. Furthermore, in that case the witness was permitted to testify without objection, and upon being recalled objection was interposed and overruled; the court holding that the weight of authority is that a witness cannot be excluded merely on the ground that he has remained in the courtroom, although the right to exclude under particular circumstances, which are within the discretion of the trial court, may be supported. Other authorities cited by the defendant have to do with striking out pleadings, a proposition which is not here involved. The Holder Case, supra, seems to do no more than to decide that a witness is not disqualified, if in the discretion of the court his testimony should be received, and that the admission thereof is not reversible error. That case cites Wilson v. State, 52 Ala. 299, in which it is stated that it is in the discretion of the court to permit or refuse the examination of a witness who violates the order of exclusion, and the exercise of the discretion is not reviewable. citing 1 Greenl. Ev. § 432.

In the case at bar, where a codefendant asserted that he would be prejudiced by admission of the testimony of the witness, a clear case is presented for the exercise of this discretion. The "particular circumstances," referred to in the Holder Case, are present. The defendant Sonand, not expecting to call Fox, was under no duty to see that he remained without the courtroom. If Rosenberg desired to call him, it was his duty to see that the order was obeyed.

The court is of the opinion that the case at bar is to be distinguished from the Holder Case, supra, in that the witness Fox did not testify at all, and because of the fact that the rights of a codefendant are involved. It was the duty of defendant Rosenberg to make it his business to see that no man to whom reference was made, and whose testimony therefore might be important, should remain in the courtroom during the trial. He failed to take the necessary precautions to see that Fox followed the direction of the court after having been put on guard.

Therefore now he cannot be heard to object, when a codefendant is prejudiced by his conduct.

Furthermore, it is clear that the testimony in question, if not actually immaterial, would not have been sufficient to justify disturbing the verdict of the jury.

Motion of the defendant Rosenberg to set aside the verdict as to him, and for a new trial, is denied.