**James Marvin EASLEY and Joe A. Alexander, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 16978.**

United States Court of Appeals Fifth Circuit.

Dec. 11, 1958.

George F. Edwardes, Texarkana, Ark., for appellants.

William M. Steger, U. S. Atty., Tyler, Tex., Robert G. Maysack, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

PER CURIAM.

The Government charged the appellants with violating the Federal Liquor Law, 26 U.S.C.A. §§ 5008(b) (1), 5174, 5606. The appellants were convicted and appeal. They claim they were on a hog-hunting errand and had nothing to do with the illegal still or its product, and assert the evidence was insufficient to convict. The district court, in ruling upon motions for acquittal and for new trial, held the evidence sufficient to go to the jury and to sustain a conviction. We conclude these holdings were correct.

The witnesses were placed under the rule and admonished not to discuss the case with anyone except counsel. One of the Government agents who had participated in the raid on the still discussed phases of the case with the appellant Easley in a corridor adjoining the

court room during a recess in the trial. It did not appear whether the conversation was overheard by jurors or other witnesses although it might have been. Over appellants' objection the Government agent was allowed to testify. The conduct of the Government agent is not to be condoned. However, the violation of the rule does not create an absolute prohibition against using the violator as a witness. Holder v. United States, 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010. It is quite apparent that the appellants were not injured by the conversation even though it had been overheard by jurors and other witnesses. Permitting the witness to testify was not an abuse of the court's discretion.

After the jury had been deliberating for some time, it requested to have the record of one of the Government witnesses played back and this the court permitted. We think the granting of the request was within the district court's discretion and no abuse of that discretion is shown. United States v. Rosenberg, 2 Cir., 1952, 195 F.2d 583, certiorari denied 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 652, rehearing denied 344 U.S. 889, 73 S.Ct. 134, 97 L.Ed. 687. The court declined to permit the appellants to cross-examine again the witness after his testimony had been played back for the jury. We think this also was discretionary and that the discretion of the court was properly exercised.

After the raid and before the trial the two Government agents who had been at the raid made written reports. While the jury was out the appellants demanded the statements. The request was refused. The statements were made available, after the verdict, and were made the basis of a ground of the motion for a new trial. We think the request came too late. Cf. Stanley v. United States, 6 Cir., 1957, 249 F.2d 64; United States v. Miller, 2 Cir., 1957, 248 F.2d 163, certiorari denied 355 U.S. 905, 78 S.Ct. 332, 2 L.Ed.2d 261.

Finding no prejudicial error, the judgment of conviction and sentence is

Affirmed.