UNITED STATES of America,
Appellee,

v.

Clarence Gene LEGGETT, alias Clarence
Eugene Leggett alias Gene Leggett,
Appellant.

No. 8992.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 19, 1963.

Decided Jan. 7, 1964.

See also 312 F.2d 566.

Daniel R. Dixon, Raleigh, N. C., for appellant.

Gerald L. Bass, Asst. U. S. Atty. (Robert H. Cowen, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH and BOREMAN, Circuit Judges, and FIELD, District Judge.

PER CURIAM.

The defendant-appellant was charged in a three count indictment for violation of Title 18 U.S.C. § 912, by pretending to be an agent of the Federal Bureau of Investigation and acting as such, and in such pretended character demanding and obtaining from one, Archie Burrus, certain guest registration cards of a motel operated by Burrus.

At the beginning of the trial, counsel for the defendant moved for the exclusion or sequestration of witnesses which motion was granted. The jury returned a verdict of guilty and thereafter defendant moved to set the verdict aside on the ground that the Assistant United States Attorney had violated the order of the court by leaving the courtroom and conferring with Charles W. Miller, an F.B.I. agent and government witness, during the time that Burrus, the first government witness, was being cross-examined. After a hearing the district judge denied the motion and this appeal followed.

The purpose of the exclusion rule is, of course, to prevent the possibility of one witness shaping his testimony to match that given by other witnesses at the trial;[1] and if a witness violates the

[1] Charles v. United States (9th Cir. 1954) 215 F.2d 831.

order he may be disciplined by the court. The question of the exclusion of the testimony of the offending witness, however, depends upon the particular circumstances and lies within the sound discretion of the trial court. Holder v. United States, 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010 (1893); Coates v. United States, 59 F.2d 173 (9th Cir. 1932).

 From the record it appears that at the time of the incident of which appellant complains, Burrus was being cross-examined in regard to his acquaintance and contact with the agent Miller whom he apparently had known for some time prior to September 10, 1961, the date of the alleged offense. In response to a question Burrus stated that he had never looked at Miller's F.B.I. credentials. At this juncture the Assistant United States Attorney left the courtroom and sought out Miller for the purpose of obtaining Miller's credentials for use on re-direct examination of Burrus. Some conversation ensued stemming from Miller's reluctance to permit the credentials to leave his possession. The government attorney returned to the courtroom with the credentials and thereafter had them marked as an exhibit and used them in questioning Burrus. Burrus recognized the exhibit as Miller's credentials which he then stated he had first seen sometime subsequent to September 10, 1961. There was no objection to either the exhibit or testimony of Burrus on this point by defense counsel.

In our opinion, the record supports the action of the district judge in denying the motion. Here there was no "shaping" of the testimony of Burrus as a result of the action of government counsel. The contact with Miller was for the sole purpose of obtaining the exhibit upon which Burrus was later questioned. The government argues that the answers of Burrus on cross-examination were the result of confusion on his part relative to the time about which he was being questioned, and the exhibit was necessary to clarify that he

had, in fact, seen Miller's credentials at a time subsequent to the incident on September 10, 1961. In the light of Burrus' testimony, we cannot say that the government's argument is illogical.

While it may have been an impropriety on the part of counsel for the government to contact Miller without first obtaining leave of the court, the incident was not prejudicial to the defendant, and the judgment of conviction should stand.

Affirmed.