**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Richard Lee BOSTIC, Defendant-**
**Appellant.**

**No. 15493.**

United States Court of Appeals
Sixth Circuit.

Feb. 22, 1964.

Robert L. Kreidler (court appointed), Cincinnati, Ohio, for appellant.

Robert A. Bell, Asst. U. S. Atty., Columbus, Ohio (Joseph P. Kinneary, U. S. Atty., Columbus, Ohio, on the brief), for appellee.

Before MILLER, PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

Appellant was found guilty by a jury of armed robbery of a federally insured bank at Kirkersville, Ohio, and was sentenced to twelve years imprisonment.

The only contention made on this appeal is that it was prejudicial error on the part of the District Judge to permit the wife of a government witness to testify in rebuttal, over the objection of defense counsel, when she had been in the courtroom during the trial, in violation of the Court's order directing a separation of witnesses, made at the request of Government counsel.

Violation of the rule directing a separation of witnesses does not automatically bar a witness from testifying. It is a matter within the sound discretion of the Trial Judge. Holder v. United States, 150 U.S. 91, 92, 14 S.Ct. 10, 37 L.Ed. 1010; United States v. Brooks, 303 F.2d 851, 853, C.A. 6th, cert. denied, 371 U.S. 889, 83 S.Ct. 184, 9 L.Ed.2d 122; Easley v. United States, 261 F.2d 276, C.A. 5th; United States v. Schaefer, 299 F.2d 625, 631, C.A. 7th, cert. denied, 370 U.S. 917, 82 S.Ct. 1553, 8 L.Ed.2d 497.

It does not appear that the violation of the rule was wilful or with the

knowledge or consent of Government counsel. The evidence of defendant's guilt was strong. We find no abuse of the Trial Judge's discretion in permitting the witness to testify.

The judgment is affirmed.