**Mrs. Virginia SHOEMAKER, Plaintiff,**

v.

**K-MART, INC., Defendant,**

**(Mrs. Virginia Shoemaker and Mrs. Mamie Revonda Masters, Respondents).**

**Civ. A. No. 2184.**

United States District Court
E. D. Tennessee,
Northeastern Division.
Dec. 3, 1968.

---

Bryant, Price, Brandt & Torbett, Johnson City, Tenn., for plaintiff; Frank Bryant, Johnson City, Tenn., of counsel.

Milligan, Silvers & Coleman, Greeneville, Tenn., for defendant; N. R. Coleman, Jr., Greeneville, Tenn., of counsel.

MEMORANDUM OPINION AND
ORDER

NEESE, District Judge.

The trial of this and a companion case, which continued for three days, was commenced on Tuesday, September 17, 1968. On the first day thereof, after opening statements by adversary counsel, the witnesses present were sworn and, except for the litigants, sequestered. The Court instructed the witnesses who were to be sequestered not to discuss anything which had transpired within the courtroom with anyone before such witness testified, and thereafter, not to discuss what transpired within the courtroom with any witness who had not then testified.

Among the witnesses sworn were the plaintiff, Mrs. Virginia Shoemaker, who was the first witness to testify, and the witness Mrs. Mamie Revonda Masters, who claimed to be an eye-witness to the principal incidents involved herein. The latter testified the second day of trial. In the cross-examination of Mrs. Masters, she admitted that she and Mrs. Shoemaker had *discussed the defendant's witnesses in a corridor* adjacent to the courtroom the previous day. She also admitted that she and Mrs. Shoemaker may have discussed the trial on another occasion or other occasions.

After the trial was concluded,* the Court issued its order for each of these witnesses to appear and show any cause either might have why each should not be held in contempt of this Court. These witnesses appeared in response on October 9, 1968.

 The purpose of excluding witnesses from the courtroom as here is to prevent the possibility of one witness' shaping his testimony to match that given by other witnesses at the trial, and, " * * * if a witness violates the order he may be disciplined by the court. * * * " United States v. Leggett, C.A. 4th (1964), 326 F.2d 613 [1–2], certiorari denied (1964), 377 U.S. 955,

---

* Mrs. Shoemaker was unsuccessful on all issues herein.

84 S.Ct. 1633, 12 L.Ed.2d 499, citing Holder v. United States (1893), 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010. Criminal contempts are punitive in character, and the purpose of the contempt proceeding " * * * is to vindicate the authority of the law and the court as an organ of society. * * * " Shiflet v. State (1966), 217 Tenn. 690, 693, 400 S.W.2d 542, 543 [2]. If the Court permits any to violate its orders, soon all may be tempted to violate them. Further, there is lingering doubt as to whether obedient contemnors reveal all which may have been discussed in conversations such as these.

 The witnesses demand a trial by jury if cited for contempt. They cannot be punished summarily, because the contemptuous conduct did not occur in the actual presence of the Court, Rule 42, Federal Rules of Criminal Procedure; 8 Moore's Federal Practice, 2d ed., 42–9, 42–10, pp. 42.02 [3]. However, it is for the trial judge to determine whether its rule of sequestration of witnesses has been violated. United States v. Brooks, C.A. 6th (1962), 303 F.2d 851, 852 [4].

These witnesses would be entitled to a jury trial only if an act of Congress so provided; otherwise, their right is to a fair hearing. Rule 42, (b), Federal Rules of Criminal Procedure. They have no constitutional right to a jury trial for criminal contempt. Green v. United States (1958), 356 U.S. 165, 78 S.Ct. 632, 2 L.Ed.2d 672. The only applicable act of Congress involved, viz., 18 U.S.C. § 3691, is itself rendered inapplicable to contempts committed so near the presence of the Court as to obstruct the administration of justice. What was done by Mrs. Shoemaker and Mrs. Masters in the corridors adjacent to the courtroom during a short recess of court is " * * * in the presence of the Court * * *." United States v. Pendergast, D.C.Mo. (1941), 39 F.Supp. 189, 192 [2], affirmed C.A. 8th (1942), 128 F.2d 676, reversed on other grounds, (1952), 317 U.S. 412, 63 S.Ct. 268, 87 L.Ed. 494.

The United States attorney for this District will file and cause to be served on the plaintiff Mrs. Shoemaker and the witness Mrs. Masters citations for criminal contempt of this Court. Rule 42(b), Federal Rules of Criminal Procedure; see United States v. United Mine Workers (1947), 330 U.S. 258, 298, 67 S.Ct. 677, 91 L.Ed. 884, 915 (headnote 17). Any violation by either witness determined by the Court will be construed as a single act of contempt, and either a fine or imprisonment, but not both, will be imposed. MacNeil v. United States, C.A. 1st (1956), 236 F.2d 149, certiorari denied (1956), 352 U.S. 912, 77 S.Ct. 150, 1 L.Ed.2d 119.