Mason Edward **BRASWELL**, Petitioner,

v.

Louie L. **WAINWRIGHT**, Director, Florida Division of Corrections, Respondent.

Civ. No. 70–1699.

United States District Court,
S. D. Florida,
Miami Division.

April 19, 1971.

Supplemental Opinion July 9, 1971.

Lewis S. Kimbler, Asst. Public Defender, Miami, Fla., for petitioner.

Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., Miami, Fla., for respondent.

## MEMORANDUM OPINION AND ORDER

ATKINS, District Judge.

This cause is before me on a Petition for Writ of Habeas Corpus filed by Mason Edward Braswell. Petitioner urges that the trial court deprived him of his Sixth and Fourteenth Amendment right to call witnesses on his own behalf by disqualifying a witness for violating a sequestration order. This same contention has been presented to various state appellate courts, has knocked once at the door of the United States Supreme Court, and now seeks to begin its climb up the Federal Habeas ladder. I have carefully reviewed the full transcript of Petitioner's trial before the Dade County, Florida Criminal Court of Record, and memoranda submitted by counsel. It is ordered that an evidentiary hearing be held to determine the content, relevancy and materiality of the excluded witness's testimony to the petitioner's defense.

Petitioner was tried for aggravated assault in the Criminal Court of Record in and for Dade County, Florida. At the outset of the trial, Braswell's counsel moved the Court for the invocation of the "rule" regarding the sequestration of witnesses. The motion was granted. The state trial judge then proceeded to give lengthy instruction to those persons in the courtroom regarding the conduct contemplated by the "rule" and the penalties for violation thereof. Included in the instruction was this warning to counsel:

This applies to any witnesses who are not here at the time, and who may come into the building, or onto the floor at a later time. (R. 151–152)

At the conclusion of the State's case in chief, petitioner called Elmer L. Rogers to the stand. In response to the State's challenge to his competency to testify and the resulting court inquiry, Mr. Rogers admitted that he had not heard the

Court's instructions regarding the rule and that he had been present and had heard the entire testimony of the aggravated assault victim. (R. 432) In response to this admission, petitioner's counsel made the following argument:

MR. CARLTON: Your honor, I was unaware of his presence in the courtroom. I didn't see him come in, and didn't know anything about it.

I feel his testimony is definitely material to this case, and it is important for it to be heard by the jury. And, that there is nothing that was heard, from the testimony there, that would, in any iota, change his testimony here today.

THE COURT: Is that all?

MR. CARLTON: Yes, Sir!

THE COURT: The state's objection will be sustained. The witness will be precluded from testifying. (R. 432–433)

■■ I start with the general proposition that a trial court has a right to exclude witnesses from the courtroom. The efficacy of sequestering witnesses has long been recognized as a means of discouraging and exposing fabrication inaccuracy, and collusion.[1] 6 Wigmore §§ 1837–1838 (3rd Ed. 1940). Additionally, the great weight of the case law is supportive of the general rule that trial courts have broad discretion as to the reception or exclusion of testimony of witnesses who have violated a sequestration order. Holder v. United States, 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010 (1893); United States v. Ruacho-Acuna, 5 Cir. 1971, 440 F.2d 1199; Easley v. United States, 261 F.2d 276 (5 Cir. 1958); Reisgo v. United States, 285 F. 740 (5 Cir. 1923). Difficulty in this area only arises when one attempts to delineate the constitutional limitations on a trial court's discretion. A survey of the case law in this area reveals a plethora of approaches. 14 A.L.R.3d 16.

The general rule was laid down in Holder v. United States, *supra*, where the court stated:

If a witness disobeys the order of withdrawal, while he may be proceeded against for contempt and his testimony is open to comment to the jury by reason of his conduct, he is not thereby disqualified, and the weight of authority is that he cannot be excluded on that ground, merely, although the right to exclude under particular circumstances may be supported as within the sound discretion of the trial court.

While recognizing that sequestration must be maintained as a viable tool in protecting the integrity of the fact finding process, I am also aware of the need to be vigilant in protecting a defendant's right to provide himself with the best possible defense. These considerations, therefore, are uppermost in my mind when looking to the "particular circumstances", *Holder, supra*, necessary to disqualify an offending witness. Inasmuch as neither the Supreme Court nor the Fifth Circuit Court of Appeals has yet spoken to the "particular circumstances" question, I have searched the case law of the various Circuit Courts of Appeal.

Most persuasive is United States v. Schaefer,[2] 299 F.2d 625 (1962), cert. den. 370 U.S. 917, 82 S.Ct. 1553, 8 L.Ed. 2d 497, wherein the Seventh Circuit Court of Appeals held that disqualification of a witness would be available only where the witness violated the order with "the consent, connivance, procurement or knowledge of the defendant or his counsel." The *Schaefer* court was prompted to narrow the area of the trial court's discretion by its recognition that

---

1. The historical origin of "The Rule" may not be clearly known. But Daniel's effective use of the practice in the trial of Susanna suggests the genesis of this practice. Book of Daniel, Chapter 13, Verses 51 to 59.
Rules 6–15 of the Proposed Rules of Evidence for the United States District

Courts and Magistrates makes the secluding of witnesses a matter of right rather than one of discretion.

2. Followed by the Ninth Circuit in Taylor v. United States, 388 F.2d 786 (1967).

the decision to disqualify would harm the defendant rather than the offending witness.

> There are decisions which hold that it is within the trial court's discretion to allow a witness who has disobeyed the rule to testify * * *. It may be reasoned logically that the discretion cuts both ways. However, we interpret Holder to mean the court may not disqualify the witness merely because he disobeys the rule but that this alternative is available if particular circumstances are shown. From the better reasoned state court decisions we interpret these particular circumstances to mean some indication the witness was in court with 'the consent, connivance, procurement or knowledge of the appellant or his counsel.' * * Sequestration of witnesses is a great aid in eliciting the truth, but disqualification of the offending witness absent particular circumstances is too harsh a penalty on the innocent litigant. Accordingly, we hold it was error to exclude the witness from the stand. United States v. Schaefer, *supra* at 631.

It being undisputed that Rogers' violation of the rule was *not* due to the "consent, connivance, procurement or knowledge of the appellant or his counsel" I find in the present state of the record that the "particular circumstances" necessary to support a decision to disqualify a witness were not present in this case.[3] I have combed the trial record and have determined that the absence of a proffer makes it impossible for me to determine the content of Rogers' testimony and its relevancy and materiality to Petitioner's defense. Accordingly, the following is hereby ordered:

1. An evidentiary hearing shall be held in Courtroom 323, United States Post Office and Courthouse, 300 N. E.

First Avenue, Miami, Florida at 9:00 a. m., May 11, 1971.

2. That Louie L. Wainwright, Director, Division of Corrections, State of Florida, is hereby directed to transfer petitioner to the Metropolitan Dade County Jail in Miami, Florida, on or before Friday, May 7, 1971 for the purpose of consultation with his attorney. Respondent is further ordered to produce petitioner at the above-designated hearing on May 11, 1971.

3. The subject matter of the evidentiary hearing shall be limited to the content of Rogers' testimony and its relevancy and materiality to the petitioner's defense.

## SUPPLEMENTAL OPINION

Pursuant to the Court's order of April 19, 1971, an evidentiary hearing was held on May 11, 1971 to inquire into the content of the excluded witness' (Rogers) testimony and its relevancy and materiality to the petitioner's defense.

■ Due to the death of witness Rogers in the intervening period between Petitioner's trial and the aforesaid hearing, petitioner, and his former trial counsel Philip Carlton, Jr., were called upon to testify with respect to the testimony Rogers intended to offer at petitioner's state court trial. Despite vigorous objection from counsel, the Court admitted the testimony on the basis that it was offered without reference to the truth of the matters asserted. Suffice it to say, the May 11 hearing was *not* intended to inquire into or judge the reliability or veracity of the testimony Rogers would have offered at Petitioner's trial. Rather, the sole purpose of the evidentiary hearing was to ascertain the general subject matter of Rogers' testimony and to determine its relevancy and materiality to petitioner's defense.

---

3. *Holder, supra,* gives guidance to a trial judge when he is faced with a clear violation of the "rule" which falls outside of the "particular circumstances" discussed in United States v. Schaefer, *supra.*

The *Holder* court put its imprimatur on the intermediate step of comments to the jury regarding a witness's failure to abide by a sequestration order.

Based on the testimony offered at the evidentiary hearing held May 11, 1971, the court re-affirms its order of April 19, 1971 and finds that the testimony of Elmo Rogers would have attempted to substantiate petitioner's testimony regarding the events prior to the alleged crime. Without deciding that the procedure approved in United States v. Schaefer, 299 F.2d 625 (7 Cir. 1962), cert. den. 370 U.S. 917, 82 S.Ct. 1553, 8 L.Ed.2d 497 and Taylor v. United States, 388 F.2d 786 (9 Cir. 1967) is mandated to the states by the Sixth and Fourteenth Amendments, the Court does conclude that the particular and extraordinary circumstances surrounding the exclusion of petitioner's sole corroborating witness resulted in prejudice reaching constitutional proportions. *Cf.* Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). Accordingly, unless the State of Florida affords petitioner, Mason Edward Braswell, a new trial within a reasonable period of time from this date, this Court will be obliged to release the petitioner from the sentence presently being served in the custody of the respondent.

Respondent is directed to file a status report with this Court within sixty days from the date of this Order.