**Charles NICK, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 75–680 C (1).

United States District Court, E. D. Missouri, E. D.

Oct. 15, 1975.

Charles Nick, pro se.

Donald J. Stohr, U. S. Atty., Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., for respondent.

## MAGISTRATE'S REVIEW AND RECOMMENDATION OF PETITIONER'S MOTION TO VACATE SENTENCE

MEREDITH, Chief Judge.

Charles Nick has filed another application for habeas corpus under 28 U.S.C. § 2255 in the United States District Court. A previous petition was denied on March 17, 1975 by this Court.

On December 28, 1973, petitioner was sentenced to two ten year terms in the custody of the Attorney General with three year special parole terms to begin at the end of the ten year sentences. The sentences were to run concurrently and were the result of a jury conviction on two counts.

In his instant motion for habeas corpus, petitioner claims:

1. That the government was improperly represented by a Special United States Attorney from the Drug Enforcement Agency.

2. That the trial court erred in refusing to allow defense testimony because of their failure to comply with the sequestration order of the court.

3. That petitioner was denied effective assistance of counsel.

■ Concerning the government's representation by Special United States Attorneys, that problem has been declared to be proper by the Eighth Circuit at least four times during the past several months. See *United States v. Agrusa*, 8 Cir., 520 F.2d 370; *United States v. DiGirlomo*, 8 Cir., 520 F.2d 372; and *United States v. Wrigley*, 520 F.2d 1373 (8th Cir. July 18, 1975). This issue again was recently approved by the Eighth Circuit in *United States v. Burnett*, 520 F.2d 1373 (8th Cir. August 11, 1975).

■ Concerning Nick's claim that he was denied effective assistance of counsel, this matter was adjudicated in his prior application for habeas corpus, which was dismissed earlier this year. The record of this case indicates that the Magistrate appointed him counsel at his first appearance and subsequently, petitioner retained his own selected counsel, dismissing the Magistrate's appointee. Thus, the attorney representing petitioner throughout these proceedings, was his own choice. The petitioner makes no specific allegations as to what his attorney did or did not do that prejudiced him, other than that his attorney was unable to produce certain defense testimony because it was disqualified by the Court.

Both *McQueen v. Swenson*, 498 F.2d 207 (8th Cir. 1974), and *Garton v. Swenson*, 497 F.2d 1137 (8th Cir. 1974), discussed effective assistance of counsel thoroughly. The Eighth Circuit Court made it clear that it still adhered to the "farce and mockery of justice" standard as contained in *Cardarella v. United States*, 375 F.2d 222 (8th Cir. 1967), cert. den. 389 U.S. 882, 88 S.Ct. 129, 19 L.Ed.2d 176 (1967). No such allegation is made by the petitioner, nor does the record reveal any such ineptitude.

In *Johnson v. United States*, 506 F.2d 640 (8th Cir. 1974), it was said:

"The defendant bears the heavy burden of proving unfairness resulting from alleged ineffective assistance of counsel. The standard to be applied in assessing a claim of ineffective or inadequate representation is based on the particulars of each case and is not easily reduced to any formula or 'to precise words capable of rigid application.' [as previously recited in *Garton v. Swenson*, supra]."

The record reveals that Nick's attorney fought strenuously to place in evidence certain defense observations concerning visibility, at the scene of the alleged crime (Tr. 149). As we did before, we again conclude that the petitioner has failed to carry his "heavy burden" of proof of inadequate assistance of counsel, as required in Eighth Circuit decisions.

■ We now turn to Nick's contention that the trial court erred in refusing to allow defense witnesses to testify because of their failure to comply with the sequestration order of the Court. Normally, evidentiary rulings are not properly cognizable in a motion to vacate sentence. *Houser v. United States*, 508 F.2d 509 (8th Cir. 1974).

■ The record reveals that the only defense testimony that was restricted at all, was that of defense witness Donald Granberry. On redirect-examination, Nick's attorney attempted to elicit from

Granberry, who had been called as a character witness, some testimony relative to the visibility through the front window of Nick's store. At that time, the Court ruled:

"I will sustain the objection for the reason that this witness was in here, against the rules the witness to be in here, and heard all the testimony. I told you I'd let him testify about good reputation, but not about the facts of the case."

With that, the witness was excused.

Nick, himself, had previously testified as to the difficulty of seeing through his store windows. On Page 126 of the transcript he said that, "When standing on the sidewalk at the curb, about ten feet from the windows, you could not see into the store." This observation was meant to negate the testimony of the federal agent who testified that he had watched the heroin transaction through the window. Nick further testified that the "pitch of the light from the outside to the inside" made vision very hard to look inside.

At best, Granberry's attempt to repeat these visibility observations, would have been cumulative to what Nick had already testified. The visibility issue was properly before the jury and they chose to believe the federal agent's version of the scene as opposed to Nick's.

■ Petitioner has correctly alleged that due process in a criminal trial entitles him to call witnesses in his own behalf and to offer their testimony, and he certainly has the right to present his version of the facts as well as the prosecutor's to the jury, so it may decide where the truth lies. *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). In this case, federal officers testified that they personally witnessed the sale of narcotics by the defendant through the window in question. The defendant testified that a person outside of this window would be unable to see through it. The jury appar-

ently chose to believe the federal officers. The petitioner has adequately developed this particular defense and any further observations in this direction would be definitely cumulative, and admissible at the discretion of the trial court.

This identical problem was clarified recently in *United States v. Atkins*, 487 F.2d 257, 259 (8th Cir. 1973), where the Circuit Court declared:

"Ordinarily the violation of a sequestration order by a witness does not call for exclusion of his testimony. The Supreme Court in *Holder v. United States*, 150 U.S. 91, 92, 14 S.Ct. 10, 37 L.Ed. 1010 (1893), expressed the controlling principle as follows:

If a witness disobeys the order of withdrawal, while he may be proceeded against for contempt and his testimony is open to comment to the jury by reason of his conduct, he is not thereby disqualified, and the weight of authority is that he cannot be excluded on that ground merely, although the right to exclude under particular circumstances may be supported as within the sound discretion of the trial court.

In special circumstances, the court may undoubtedly exclude a witness. See *United States v. Kiliyan*, 456 F.2d 555 (8th Cir. 1972). The circumstances underlying the violation are not clearly disclosed by the record in this case, but even if the circumstances here did not call for exclusion, we find no prejudicial error in the rejection of the testimony which was merely cumulative to other similar testimony introduced to impeach the informer-witness."

Petitioner's claims and the transcript of the trial have been carefully reviewed and they fail to develop facts that support petitioner's allegations concerning Special United States Attorneys, ineffective assistance of counsel, or suppression of evidence favorable to him.

Therefore, it is the conclusion and recommendation of the United States Mag-

istrate, to whom this case has been given for review, that petitioner's application for habeas corpus should be dismissed without further proceeding.