## GOVERNMENT OF the VIRGIN ISLANDS, Plaintiff,

v.

## Angela ROBERTS, Defendant.

### Crim. No. 1979/62.

District Court, Virgin Islands, D. St. Croix.

Oct. 24, 1979.

---

Melvin H. Evans, Jr., Asst. Atty. Gen., Frederiksted, St. Croix, V. I., for plaintiff.

Russell B. Johnson, Christiansted, St. Croix, V. I., for defendant.

## MEMORANDUM OPINION

WARREN H. YOUNG, District Judge.

This is an appeal by Angela Roberts from her conviction in Territorial Court on charges of simple assault. The sole issue raised on appeal is whether the trial court abused its discretion by disqualifying all of Appellant's witnesses who had violated an exclusionary order. Having carefully considered the record on appeal, I find that the trial court acted within its discretionary powers in disqualifying the witnesses. The conviction is, therefore, affirmed.

### I.

At the commencement of the trial in the Territorial Court, defense counsel requested that all witnesses be excused from the courtroom pursuant to Fed.R.Evid. 615. The Court so ordered, and the prosecution's witnesses left the courtroom. Notwithstanding the fact that witnesses had been excluded upon motion of the defense counsel, all of defense witnesses remained in the courtroom. The record reflects the fact that defense counsel was aware that these witnesses remained in the courtroom. Defense counsel did nothing to alert the court or the prosecution that persons remaining in the courtroom were to be called as defense witnesses.

During cross-examination of the prosecution's first witness, the court was first made aware that the defense intended to call persons present in the courtroom. After discussion, the Court ruled that all such persons would be disqualified as witnesses. Upon conviction, appellant was sentenced to a suspended fifteen day jail term and a $50.00 fine.

### II.

Generally, three sanctions are available for violation of an order for the exclusion of witnesses:

(1) Citation for contempt,

(2) Comment to the jury concerning the witness' misconduct, or

(3) disqualification.

Although disqualification is ordinarily not warranted merely by virtue of the violation, "particular circumstances" may exist which justify disqualification. *Holder v. United States,* 150 U.S. 91, 92, 14 S.Ct. 10, 37 L.Ed. 1010 (1893).

In *Holder, supra,* the Supreme Court was silent as to the "particular circumstances" under which such witnesses could properly be disqualified. In 1962, however, the Seventh Circuit Court of Appeals interpreted *Holder* to mean that disqualification is appropriate where the violation occurs with " 'the consent, connivance, procurement or *knowledge* of the appellant *or his counsel,'* " (Emphasis added). *United States v. Schaefer,* 299 F.2d 625, 631 (7th Cir. 1962), *cert. denied,* 370 U.S. 917, 82 S.Ct. 1553, 8 L.Ed.2d 497 (1962). This interpretation has been followed by various of the other Circuit Courts of Appeals: *United States v. Bostic,* 327 F.2d 983, 984 (6th Cir. 1964); *Taylor v. United States,* 388 F.2d 786, 788 (9th Cir. 1967); *United States v. Kiliyan,* 456 F.2d 555, 560–561 (8th Cir. 1972); *Braswell v. Wainwright,* 463 F.2d 1148, 1152–1153 (5th Cir. 1972); *United States v. Torbert,* 496 F.2d 154, 158 (9th Cir. 1974), *cert. denied,* 419 U.S. 857, 95 S.Ct. 105, 42 L.Ed.2d 91 (1974); *Barnard v. Henderson,* 514 F.2d 744, 745 (5th Cir. 1975).

Because of the disqualified witnesses remained in the courtroom with the knowledge of defense counsel, it follows that the trial court acted within its discretion in ordering that they be disqualified.

### III.

Although this issue has not been raised on appeal, the record shows that Appellant was given a suspended fifteen day jail term without specifying termination period, such as being suspended for so many days, weeks or months, or some sort of probationary period. This case will, therefore, be remanded to the Territorial Court so that it may modify the sentence by setting an appropriate period of time after which the suspension will no longer operate.

## IV.

Appellant's conviction is affirmed, but the case is remanded to the Territorial Court for modification of the sentence in accordance with this opinion.

In the event that this decision is not appealed to the Third Circuit Court of Appeals within the statutory period for such appeals, this Memorandum Opinion will serve as a mandate to the Territorial Court.