81 F.3d 975
 70 Fair Empl.Prac.Cas. (BNA) 945, 34
Fed.R.Serv.3d 1062,
44 Fed. R. Evid. Serv. 420
Vurla B. BURKS, Plaintiff-Appellant,
v.
The OKLAHOMA PUBLISHING COMPANY and Richard A. Clark,
Defendants-Appellees.
 No. 94-6403.
 United States Court of Appeals,
Tenth Circuit.
 April 15, 1996.
 
 Appeal from the United States District Court for the Western District of Oklahoma; Lee R. West, Judge. (D.C. No. CIV-93-663-W).
 Joseph R. Weeks, Oklahoma City University School of Law, Oklahoma City, Oklahoma (Jan Preece Gaddis, Duncan, Oklahoma, with him on the briefs), for Plaintiff-Appellant.
 Nathan L. Whatley (Gary C. Pierson with him on the briefs) of Lytle Soule & Curlee, Oklahoma City, Oklahoma, for Defendants-Appellees.
 Before SEYMOUR, Chief Judge, COFFIN* and McKAY, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 Plaintiff Vurla Burks brought this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1 to -17. She alleged that the Defendants, the Oklahoma Publishing Company ("OPUBCO") and Richard Clark, impermissibly discriminated against her by constructively discharging her based on her age and her sex. The jury returned a verdict for the Defendants, and Ms. Burks now appeals. She asserts that the district court made several errors during the course of the proceedings. For the reasons that follow, we affirm in part and reverse and remand in part.
 
 
 2
 Ms. Burks was an OPUBCO employee for twenty-eight years. She spent her last two years of employment as a supervisor in the telecommunications department. Ms. Burks began to feel that her job was in jeopardy when Mr. Clark informed her that he would not authorize $16 for Ms. Burks to have new business cards printed. A few months later, Mr. Clark confronted Ms. Burks with the accusation that she had listened in on the telephone calls of OPUBCO's president. In a meeting with Mr. Clark, Ms. Burks twice asked him whether her services would be needed in the future. According to Ms. Burks, Mr. Clark simply stared at her for twenty to twenty-five seconds, rather than responding to her questions. From this Ms. Burks concluded that she would be fired if she did not resign. Thus, at the age of 61, Ms. Burks resigned from her position with OPUBCO. She then brought this suit alleging that she was constructively discharged on the basis of her age and her sex.
 
 
 3
 Ms. Burks raises four issues on appeal. First, she contends that the district court erred when it refused to give the jury her requested instruction on constructive discharge. In her second and third issues, Ms. Burks argues the district court improperly refused to allow her to add a witness to her witness list and then erred when it would not allow the same witness to testify in rebuttal after the witness violated a sequestration order. Finally, Ms. Burks argues that the district court abused its discretion when it denied her motion to compel discovery.I. Constructive Discharge Jury Instruction
 
 
 4
 Under the ADEA, an employer may not "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To prove constructive discharge, the employee must show that her "employer by its illegal discriminatory acts has made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign." Derr v. Gulf Oil Corp., 796 F.2d 340, 344 (10th Cir.1986). We have held that this formulation of the constructive discharge standard also constitutes the "paradigmatic" jury instruction in a constructive discharge case. Mitchell v. Mobil Oil Corp., 896 F.2d 463, 468 (10th Cir.), cert. denied, 498 U.S. 898, 111 S.Ct. 252, 112 L.Ed.2d 210 (1990). We noted, however, that the trial court should "tailor this instruction to fit the facts of the case." Id.
 
 
 5
 In this case, the district court gave to the jury the paradigmatic instruction we contemplated in Mitchell. Ms. Burks believed, however, that an additional instruction was necessary to address adequately the facts of her case. Specifically, she asked the district court to instruct the jury that "an employee is constructively discharged if the employer's actions reasonably lead the employee to conclude that, if she does not resign, she will be discharged." Appellant's App. at 22. Ms. Burks argues that the district court erred when it failed to give this instruction. We "will find reversible error in a trial court's jury instructions only if we have substantial doubt whether the instructions, taken together, properly guided the jury in its deliberations." Mitchell, 896 F.2d at 468.
 
 
 6
 This court has recognized that an employee can prove a constructive discharge by showing that she was faced with a choice between resigning or being fired. See, e.g., Acrey v. American Sheep Industry Ass'n, 981 F.2d 1569, 1573-74 (10th Cir.1992) (employee told to resign or she would be fired); Spulak v. K Mart Corp., 894 F.2d 1150, 1154 (10th Cir.1990) (employee faced with choice between early retirement or being fired). Thus, a district court could properly give an instruction similar to the one requested by Ms. Burks if the facts of the case warranted it. Ms. Burks argues that she was presented with a choice between being fired and resigning. As proof of this, she offers the fact that Mr. Clark did not respond when she asked about her future with the department. She also offers the fact that Mr. Clark refused to authorize an expenditure for new business cards. We believe, however, that these facts are at best ambiguous as to whether Ms. Burks truly was presented with a choice between resigning or being fired. Thus, we cannot say that we have substantial doubt whether the jury was properly guided in its deliberations as a result of the district court's refusal to give the jury Ms. Burks' requested instruction. We hold that the district court did not err in this regard.
 
 II. Amendment to Witness List
 
 7
 In its scheduling order, the district court required the parties to submit their final witness lists by March 1, 1994, and to complete discovery by April 1, 1994. Appellant's App. at 1. The trial was originally scheduled to begin sometime in early May. On April 12, 1994, Ms. Burks filed a motion seeking to supplement her witness list. The one-page motion did not identify any witness by name. Appropriately, the district court denied the motion. Then, on April 21, 1994, Ms. Burks filed a more specific motion in which she identified four proposed witnesses. On May 4, 1996, the district court allowed the addition of two of the four, but refused the addition of the other two. Ms. Burks now challenges this refusal with respect to one proposed witness. Ms. Burks argues that this proposed witness, a co-worker, is essential to her case because she is an unbiased witness who can substantiate the intolerable conditions under which Ms. Burks worked.
 
 
 8
 Federal Rule of Civil Procedure 16(b) gives district courts wide latitude in entering scheduling orders. Rule 16(b) also provides that such orders shall not be modified "except upon a showing of good cause and by leave of the district judge." Thus, we review a district court's refusal to modify a scheduling order for abuse of discretion. SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1518 (10th Cir.1990). In the context of a decision to exclude a witness not listed in a pretrial order, we consider four factors to determine whether the district court abused its discretion:
 
 
 9
 "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order."
 
 
 10
 Smith v. Ford Motor Co., 626 F.2d 784, 797 (10th Cir.1980) (quoting Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904-05 (3d Cir.1977)), cert. denied, 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981).[1]
 
 
 11
 We believe that the first two factors weigh in favor of Ms. Burks. Defendants may have been surprised that Ms. Burks would seek to add a new witness at such a late date, but they could not have been surprised, given the circumstances of the case, that Ms. Burks would want to introduce the corroborating testimony of a co-worker. Additionally, it is unlikely that any prejudice to the Defendants would have occurred because the co-worker's proposed testimony would not have introduced any new issues other than witness credibility. If any surprise or prejudice did occur, Defendants could have cured it easily. The proposed witness was one of Defendants' employees. Thus, they could have interviewed or deposed her without difficulty.
 
 
 12
 The last two factors, however, weigh in favor of Defendants. It appears from the record that the addition of new witnesses at such a late date threatened to delay the trial. Although the trial did not actually begin until the last week of May, it apparently was originally scheduled to begin in early May. See Appellant's App. at 159 no. 69 (district court docket sheet, entry of May 12 continuing trial till May 23). In an April 26 hearing before the district court, defense counsel complained about the addition of new witnesses "eight work days before the trial." Appellees' App. at 237. Although neither party has informed this court when the trial was originally scheduled to begin, it appears that the beginning of the trial was imminent when Ms. Burks identified her new proposed witnesses. In this context it is reasonable to believe that allowing Ms. Burks to add new witnesses to her witness list would have caused a postponement of the trial, despite the witnesses' ready availability. Defense counsel would have wanted to depose or interview any new witness and potentially would have to depose further individuals, as well as rework its trial strategy.
 
 
 13
 Finally, we do not find that plaintiff's counsel acted with bad faith or willfulness, but we do believe that his conduct certainly bordered on it. In the April 26 hearing at which the additional witnesses were discussed, the district court attempted to determine whether these witnesses' testimony would be at all relevant to the case. Plaintiff's counsel refused to give explicit answers in front of defense counsel. Despite the court's warning that it would not add the witnesses if it could not determine their relevance, Ms. Burks's counsel continued to refuse to discuss the matter in open court. Appellees' Supp.App. at 235-36.
 
 
 14
 Additionally, we point out that Ms. Burks has given conflicting reasons for her failure to add witnesses to the witness list in a timely fashion. Initially, Ms. Burks represented to the district court that she did not know of the importance of her new proposed witnesses because discovery had not been completed. Appellant's App. at 3 (Plaintiff's Motion to Supplement Witness and Exhibit Lists). Later, in the district court, and again on appeal, Ms. Burks asserted that the names were not added to the witness list through simple inadvertence. Appellant's App. at 8 (Plaintiff's Motion to Reconsider and Brief in Support); Appellant's Br. at 23. Such inconsistent statements may be taken as evidence that counsel made a conscious decision to act as he did. See SIL-FLO, Inc., 917 F.2d at 1519 (stating that inconsistent statements in counsel's motions may be evidence that inaction was a tactical decision rather than a simple mistake). Although perhaps not willful, we believe that this behavior represents more than simple negligence. In consideration of all the factors discussed above, we hold that the district court did not abuse its discretion in refusing to allow Ms. Burks to add the co-worker to her witness list.
 
 
 15
 III. Disqualification of Rebuttal Witness for Violation of
 
 Sequestration Order
 
 16
 After the district court's refusal to add the co-worker to the witness list, Ms. Burks decided to take advantage of the fact that rebuttal witnesses do not need to be listed in the pretrial order or the scheduling order. Her plan to present the co-worker as a rebuttal witness went awry, however, when the co-worker violated the district court's sequestration order by entering and remaining in the courtroom for several minutes during another witness's testimony. The district court refused to let the coworker testify as a result of the violation. Ms. Burks claims on appeal that this refusal is reversible error.
 
 
 17
 When a witness violates a sequestration order, it is within the district court's discretion to admit or exclude the witness's testimony. United States v. Buchanan, 787 F.2d 477, 485 (10th Cir.1986). The Supreme Court has stated, however, that the witness generally should not be disqualified:
 
 
 18
 If a witness disobeys the order of withdrawal, while he may be proceeded against for contempt and his testimony is open to comment to the jury by reason of his conduct, he is not thereby disqualified, and the weight of authority is that he cannot be excluded on that ground merely, although the right to exclude under particular circumstances may be supported as within the sound discretion of the trial court.
 
 
 19
 Holder v. United States, 150 U.S. 91, 92, 14 S.Ct. 10, 10, 37 L.Ed. 1010 (1893). Our cases have recognized that "[p]robable prejudice should be shown for such exclusion to occur."[2] Id. Here, the co-worker overheard approximately ten minutes of testimony. Even liberally construing the time frame in which the violation occurred, the record reveals that the co-worker did not hear anything related to her proposed testimony. The co-worker was to testify about Ms. Burks's working conditions. While the co-worker was in the courtroom, however, the testimony only concerned another worker's claims against OPUBCO and the circumstances surrounding the other worker's move to Cleveland.[3] Thus, no prejudice to Defendants occurred as a result of the co-worker's temporary presence in the courtroom. Furthermore, no evidence exists that Ms. Burks or her counsel knew of, or in bad faith allowed, the co-worker's violation of the sequestration order. We hold that the district court abused its discretion when it prevented the co-worker from testifying.[4] Finally, the error was not harmless. Unlike the other witnesses who could describe Ms. Burks's working conditions, this co-worker was not subject to attack for bias because she did not have a lawsuit pending against Defendants. As a result her testimony was potentially very important to Ms. Burks's case. Thus, Ms. Burks is entitled to a new trial.
 
 IV. Motion to Compel
 
 20
 In her interrogatories, Ms. Burks asked Defendants to identify all persons over forty years of age who were employed as managers or supervisors for the last ten years. She also asked Defendants to identify any employees or applicants who have made age or sex discrimination complaints in the last ten years. Defendants refused to provide this information, objecting that it was overbroad and irrelevant. The district court summarily denied Ms. Burks's motion to compel discovery of this information. We review a district court's discovery orders for an abuse of discretion. Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1520 (10th Cir.1995).
 
 
 21
 "As a general rule, the testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent." Spulak v. K Mart Corp., 894 F.2d 1150, 1156 (10th Cir.1990). A plaintiff may be allowed "extensive" discovery in order to prove his or her case. See Rich v. Martin Marietta Corp., 522 F.2d 333, 343 (10th Cir.1975). Nevertheless, " 'this desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant.' " Gomez, 50 F.3d at 1520 (citation omitted).
 
 
 22
 Here, Ms. Burks requested information for the past ten years. The district court certainly could conclude that discovery of information this far in the past would be overburdensome and irrelevant. We decline to say that such a request would never be warranted. Rather, we simply hold that the district court did not abuse its discretion in this case.
 
 
 23
 We AFFIRM in part, REVERSE in part, and REMAND for a new trial.
 
 
 
 *
 The Honorable Frank M. Coffin of the United States Court of Appeals for the First Circuit, sitting by designation
 
 
 [1]
 Although the Smith rule addresses the modification of a final pretrial order, we discern no reason why it should not also apply to a decision to modify a scheduling order before a final pretrial order has been entered
 
 
 [2]
 Although some of our cases have simply referred to the standard of review as abuse of discretion, it is clear in each case that the court went on to examine whether any prejudice had occurred. See, e.g., United States v. Prichard, 781 F.2d 179, 183 (10th Cir.1986) (stating that standard of review is prejudice or abuse of discretion; examining whether prejudice occurred); United States v. Johnston, 578 F.2d 1352, 1355-56 (10th Cir.) (stating that standard of review is abuse of discretion; noting that counsel did not act in bad faith and that witness's testimony was not affected by violation), cert. denied, 439 U.S. 931, 99 S.Ct. 321, 58 L.Ed.2d 325 (1978)
 
 
 [3]
 Defendants argue that the co-worker also heard testimony concerning an alleged affair Mr. Clark had. Support in the record for this contention is weak. Assuming, however, that Defendants are correct, it is unlikely they suffered any prejudice. Although the co-worker's proposed testimony dealt with the alleged affair, the testifying witness merely admitted that she had never personally seen any signs of an affair. Appellees' Supp.App. at 93. Thus, it is difficult to see how the co-worker would have altered her testimony as a result of her violating the sequestration order
 
 
 [4]
 Defendants also argue that the co-worker was an improper rebuttal witness. The district court appears, however, to have accepted her as a rebuttal witness, and we will not overturn this decision absent an abuse of discretion. We find no evidence indicating that such an abuse occurred