

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00277-CR

**AERIAL MONIQUE SIMON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2019-413-C1**

## MEMORANDUM OPINION

Aerial Monique Simon was convicted of the offense of continuous sexual abuse of a young child and sentenced to life in prison. *See* TEX. PENAL CODE § 21.02. The abuse was alleged to have occurred from March of 2015 through December of 2017. In one issue, Simon contends her right to present a defense was abridged when the trial court limited a defense witness's testimony due to a violation of "the Rule." Because the trial court did not abuse its discretion, the trial court's judgment is affirmed.

BACKGROUND

Simon and her extended family lived in Mart, Texas. The victim, a close family member of Simon's, also lived in Mart. The victim told the jury that when he would stay

with Simon at her house, "things would happen" to him that he did not like: Simon repeatedly sexually assaulted him. This happened over a period of years when the victim was 10, 11, and 12 years old. When the victim was 12 years old, Simon sent him to live with his father in the Dallas area. Approximately a year later, the victim made his outcry of sexual abuse to his father after his father had discovered "pornography" on the victim's phone. During a summer visit to family in Mart a few years later, the victim told family members that he made up the allegations of abuse by Simon. He also recanted to his father when the victim returned to his father's house from the summer visit. However, the victim withdrew his recantation shortly thereafter.

## PRESENT A DEFENSE

In her sole issue on appeal, Simon contends her right to present a defense was abridged when the trial court effectively excluded one of her witnesses by limiting the witness's testimony due to a violation of "the Rule."

Few rights are more fundamental than that of an accused to present witnesses in his own defense. *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S. Ct. 1038, 1049 (1973). However, this is not an absolute right. *Webb v. State*, 766 S.W.2d 236, 240 (Tex. Crim. App. 1989).

### The Rule

Rule of Evidence 614 and Code of Criminal Procedure Chapter 36 make up what has been commonly referred to as "the Rule" in criminal cases. *See* TEX. R. EVID. 614; TEX. CODE CRIM. PROC. arts. 36.03(e), 36.05, 36.06; *Routier v. State*, 112 S.W.3d 554, 590 (Tex. Crim. App. 2003); *see also Russell v. State*, 155 S.W.3d 176, 179-80 (Tex. Crim. App. 2005).

The purpose of the Rule is to prevent the testimony of one witness from influencing the testimony of another. *See Webb v. State*, 766 S.W.2d 236, 239 (Tex. Crim. App. 1989); *see also Russell v. State*, 155 S.W.3d 176, 179 (Tex. Crim. App. 2005). Thus, upon invocation of the Rule, a witness may not listen to testimony in the case or talk about the case with others absent permission of the trial court. TEX. R. EVID. 614; TEX. CODE CRIM. PROC. arts. 36.03(e), 36.05, 36.06; *Qualls v. State*, 547 S.W.3d 663, 677 (Tex. App.—Fort Worth 2018, pet. ref'd). Even a witness not yet sworn or admonished about the Rule can violate it. *See, e.g., Davis v. State*, 872 S.W.2d 743, 745-46 (Tex. Crim. App. 1994); *Qualls*, 547 S.W.3d at 677; *Townes v. State*, No. 04-10-00796-CR, 2012 Tex. App. LEXIS 1244, 2012 WL 566000, at *3 (Tex. App.—San Antonio Feb. 15, 2012, pet. ref'd) (not designated for publication) (concluding the Rule was violated even though only one of the two challenged witnesses had been sworn and admonished regarding the Rule when they talked to each other) (relying *on Drilex Sys., Inc. v. Flores*, 1 S.W.3d 112, 120 (Tex. 1999) (op. on reh'g) ("[A] court may, in its discretion, exclude the testimony of a prospective witness who technically violates the Rule even though the witness was never actually placed under the Rule.")).

As a consequence of a witness violating the Rule, the trial court may permit the witness to testify regardless of the violation, exclude the witness from testifying because of the violation, or punish the witness for the violation by contempt of court. *See Routier*, 112 S.W.3d at 590; *Webb*, 766 S.W.2d at 239-40; *see also* TEX. CODE CRIM. PROC. arts. 36.03(e), 36.06. In this case, the consequence was the exclusion of the witness from fully testifying.

*Review*

Generally, a witness cannot be excluded solely on the grounds that the witness violated the Rule. *Davis v. State*, 872 S.W.2d 743, 745 (Tex. Crim. App. 1994). Thus, in cases arising from the exclusion of a defense witness, the trial court must consider the competing interest of the defendant's right to defend himself. *Routier*, 112 S.W.3d at 590; *Webb*, 766 S.W.2d at 240. Exclusion is within the sound discretion of the trial court based on the particular circumstances in the case, *Webb*, 766 S.W.2d at 241 (relying on *Holder v. United States*, 150 U.S. 91, 92, 14 S. Ct. 10, 37 L. Ed. 1010 (1893), and we review a trial court's decision to exclude a witness's testimony for an abuse of discretion. *See id.* at 241, 244. To do this, we review the record to determine:

(1) if the rule was violated and the witness disqualified, were there particular circumstances, other than the mere fact of the violation, which would tend to show the defendant or his counsel consented, procured or otherwise had knowledge of the witness's presence in the courtroom,[1] together with knowledge of the content of that witness's testimony; and

(2) if no particular circumstances existed to justify disqualification, was the excluded testimony crucial to the defense.

*Id.* at 245 (emphasis added). The appellant has the burden of proof regarding both prongs. *Id.* at 246.

*Application*

This two-pronged test is not exclusive, and other "particular or extraordinary circumstances" may well exist, given the facts of each case. *Id.* at 244. Application of the

---

[1] In the context of this case, the violation occurred by Simon having a conversation with the witness about testimony given during the trial by other witnesses.

test must necessarily be on a case-by-case basis, weighing or balancing the interests of both the State and the accused in a fair proceeding. *Id*.

*– Invocation of the Rule*

It is undisputed that the Rule had been invoked and that Simon was present for the invocation. It was then incumbent upon Simon, defense counsel, and the State to see to it that prospective witnesses remained sequestered, except for those witnesses traditionally exempted from the rule. *Webb v. State*, 766 S.W.2d 236, 245 (Tex. Crim. App. 1989). It is of no consequence if a witness was not admonished about the Rule. *See, e.g., Davis v. State*, 872 S.W.2d 743, 745-46 (Tex. Crim. App. 1994) (that the witness in violation of the Rule was neither sworn nor admonished about the invocation of the Rule played no role in the Court's review).

*– Violation of the Rule*

There is also no question that the witness violated the Rule or that Simon facilitated the violation. After the first day of trial, Simon called the witness and told the witness how the victim, his father, and the C.P.S. worker had testified. The witness emotionally reacted to what she heard, commented upon Simon's recitation of the testimony, and agreed with Simon that those three witnesses had lied. At the time of the conversation, the witness knew she was being called to testify at the trial the next day and told Simon that the witness was supposed to testify. Further, there was no evidence that the witness, or Simon, had the permission of the trial court to talk with each other about the days' testimony.

‒ *Particular Circumstances*

Although it does not appear from the record that counsel knew about or agreed to the conversation between Simon and the witness, Simon instigated and facilitated the witness's violation of the Rule. Further, although the witness was not in the courtroom to hear the testimony, Simon told the witness what the three witnesses had said and also gave the witness her opinion that the three witnesses had lied. The witness agreed with Simon.

It is the egregiousness of this violation that is most troubling. The defendant, herself, called the witness to discuss the State's witnesses' testimony with her, causing the witness to be in violation of the Rule. Thus, based on examination of the record, particular circumstances in this case, other than the mere fact of the violation, tend to show improper conduct on the part of appellant. Simon has failed to meet the first prong of allowing admission of testimony notwithstanding a violation of the Rule.

CONCLUSION

Having determined that Simon has failed to prove the first prong of the test, we need not address the second prong. Accordingly, the trial court did not abuse its discretion in limiting the witness's testimony due to a violation of "The Rule." Simon's sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed
Opinion delivered and filed December 21, 2022
Do not publish
[CRPM]

