William I. KOCH, et al., Plaintiffs,

v.

KOCH INDUSTRIES, INC.,
et al., Defendants.

No. 85–1636–SAC.

United States District Court,
D. Kansas.

April 6, 1998.

Clifford L. Malone, Adams, Jones, Robinson & Malone, Wichita, KS, Thomas E. Wright, Wright, Henson, Somers, Sebelius, Clark & Baker, L.L.P., Topeka, KS, Harry L. Najim, Najim Law Offices, Wichita, KS,

John T. Hickey, Jr., Alex Dimitrief, Kirkland & Ellis, Chicago, IL, Joseph F. Ryan, Lyne, Woodworth & Evarts, Boston, MA, Fred H. Bartlit, Jr., Bartlit, Beck, Herman, Palenchar & Scott, Chicago, IL, Donald E. Scott, Ellen A. Cirangle, Bartlit, Beck, Herman, Palenchar & Scott, Denver, CO, for William I. Koch, Oxbow Energy Inc., Spring Creek Art Foundation Inc., Northern Trust Company.

Clifford L. Malone, Adams, Jones, Robinson & Malone, Wichita, KS, Harry L. Najim, Najim Law Offices, Wichita, KS, Gregory S.C. Huffman, L. James Berglund, II, Thompson & Knight, Dallas, TX, for L.B. Simmons Energy Inc., Gay A. Roane, Ann Alspaugh, Paul Anthony Andres Cox, Holly A. Andres Cox Farabee.

Clifford L. Malone, Adams, Jones, Robinson & Malone, Wichita, KS, Harry L. Najim, Najim Law Offices, Wichita, KS, Russell E. Brooks, Milbank, Tweed, Hadley & McCloy, New York City, for United States Trust Company of New York, Frederick R. Koch.

Clifford L. Malone, Adams, Jones, Robinson & Malone, Wichita, KS, Harry L. Najim, Najim Law Offices, Wichita, KS, Gregory S.C. Huffman, Thompson & Knight, Dallas, TX, for Marjorie Simmons Gray, Marjorie L. Simmons.

Michael Paul Kirschner, Lee & Kirschner, P.L.L.C., Oklahoma City, OK, for Nationsbank N.A.

James M. Armstrong, Robert L. Howard, Timothy B. Mustaine, Foulston & Siefkin, L.L.P., Wichita, KS, Donald L. Cordes, Koch Industries, Inc., Wichita, KS, for Koch Industries Inc., Charles G. Koch.

James M. Armstrong, Robert L. Howard, Foulston & Siefkin L.L.P., Wichita, KS, for Sterling V. Varner, David H. Koch, Donald L. Cordes, Thomas M. Carey.

Michael W. Merriam, Gehrt & Roberts, Chartered, Topeka, KS, for Kansas Press Association, Kansas Association of Broadcasters, Wichita Eagle–Beacon, Topeka Capital–Journal, WIBW–TV, Kansas City Star Company, Wichita Business Journal, Harris Enterprises, Inc.

Daniel R. Lykins, Bryan, Lykins & Hejtmanek, P.A., Topeka, KS, for Koch Crime Comm.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

This case was filed in 1985. Selection of the jury starts today, April 6, 1998, at 1:30 p.m. This court has shepherded this case since its inception. The plaintiffs seek actual and punitive damages in excess of a billion dollars.

On March 20, 1998, the court entered a memorandum and order deciding several of the motions in limine filed by the parties. In that order, the court indicated, *inter alia*, that it would permit the defendants to introduce evidence related to the parties' familial relationship. In announcing that decision, the court opined that it "understands that William Koch's animosity for Charles and David, the intensity of those feelings, and the actions that reveal those feelings are central to the defendants' case in several regards." Consistent with that observation, the court indicated that it would permit the defendants to introduce evidence that William Koch had previously filed certain other lawsuits against them in the past. On April 3, 1998, the court entered an order denying the plaintiffs' motion for reconsideration of its decision to allow the defendants to introduce evidence of post–1985 lawsuits brought by William Koch. The court further elaborated on the limited purpose for which this evidence would be received. The court also set the parameters within which it anticipates the parties will confine themselves in their presentation of evidence regarding other lawsuits. The court granted in part and denied in part the plaintiffs' request to reconsider the court's ruling on the plaintiffs' consultations with mental health professionals.

On March 27, 1998, the plaintiffs filed a "Supplemental Trial Witness List and Deposition Designations" (Dk. 739). In that supplemental list, the plaintiffs add eight names to the "May Call" list. The plaintiffs add one additional name to the category of "Deposition Designations."

This case comes before the court upon the "Defendants' Objection to Plaintiffs' Supplemental Trial Witness List and Deposition Designations" (Dk. 757). In that pleading, the defendants state:

> Of the nine trial witnesses listed, eight are not identified in the Pretrial Order as witnesses to be called by any party... Defendants have not taken discovery with respect to these witnesses' testimony, had no reason to do so, and would be severely prejudiced should plaintiffs be allowed to blind side them with these new witnesses. The same is true of the deposition testimony of Virginia Robinson, taken in another case (the Mary Koch will contest); neither this witness nor her deposition have ever been listed in this case, and the defendants would be severely prejudiced should plaintiffs be permitted to utilize this unanticipated testimony taken in another case on other issues by other counsel.

(Dk. 757 at 1). The defendants go on to indicate that admitting that deposition excerpt would run afoul of Fed.R.Evid. 804(b)(1)[1] because several of the defendants were not a party to that litigation and because none of the defendants had " 'opportunity and similar motive' to develop that testimony for use in the pertinent case." (Dk. 757 at 1–2).

The plaintiffs respond (Dk. 768), arguing that the supplementation of their trial witness list is entirely proper. "It works no prejudice on defendants, other than forcing them to confront the whole trust about the parties." The plaintiffs contend that it would be unfair to refuse to allow them to add the

---

1. Rule 804(b)(1) provides an exception to the hearsay rule. If the witness is unavailable to testify in person, prior testimony given by the witness may be introduced, so long as the opposing party had "an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." To admit offered testimony under Rule 804(b)(1), the proponent must satisfy both requirements of the rule: unavailability and similar motive and opportunity to develop the challenged testimony. *United States v. Salerno*, 505 U.S. 317, 321, 112 S.Ct. 2503, 2506–07, 120 L.Ed.2d 255 (1992).

*United States v. Bartelho*, 129 F.3d 663, 670 (1st Cir.1997) (footnote omitted).

additional names for "[p]rior to the entry of the Court's Memorandum and Order of March 20, 1998, defendants never before indicated that they had any intention of making 'familial relations' an important issue at trial. The Pretrial Order does not directly or indirectly identify 'familial relations' as an issue in the case." The plaintiffs claim to have had no forewarning that familial relations would play any part in this trial.

As to the defendants' other arguments, the plaintiffs contend that the defendants were never denied any discovery in this case. The plaintiffs claim these new witnesses simply enable them to rebut the defendants' inflammatory evidence of the parties' familial relations. In regard to the testimony of Virginia Robinson, the plaintiffs acknowledge that her deposition was taken in another lawsuit. However, both Charles Koch and David Koch were parties to that litigation. The plaintiffs contend that both defendants were represented at Virginia Robinson's deposition and that they were at that time similarly motivated to develop her testimony as they would have been in this case.

### Standards for Determining Whether it is Appropriate to Add a Witness not Listed in the Pretrial Order

[1] " 'The office [of the pretrial order] as a procedural tool [is] to insure the economical and efficient trial of every case on its merits without chance or surprise.' " *Smith v. Ford Motor Co.,* 626 F.2d 784, 795 (10th Cir.1980) (quoting *Case v. Abrams,* 352 F.2d 193, 195 (10th Cir.1965)), *cert. denied,* 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981).

"In the context of a decision to exclude a witness not listed in a pretrial order, we consider four factors to determine whether the district court abused its discretion:

'(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified,

(2) the ability of that party to cure the prejudice,

(3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and

(4) bad faith or willfulness in failing to comply with the court's order.' "

*Burks v. The Oklahoma Publishing Co.,* 81 F.3d 975, 978 (10th Cir.) (quoting *Smith v. Ford Motor Co.,* 626 F.2d 784, 797 (10th Cir.1980) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 904–05 (3d Cir.1977)), *cert. denied,* 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981)), *cert. denied,* —— U.S. ——, 117 S.Ct. 302, 136 L.Ed.2d 220 (1996). "The district court is entitled to considerable deference in its interpretation and application of its own rules of practice and procedure." *Mitchell v. Maynard,* 80 F.3d 1433, 1447 (10th Cir.1996) (citing *Smith v. Ford Motor Co.,* 626 F.2d at 796).

### Analysis

■ After considering all of the factors suggested by the Tenth Circuit, the court concludes that it would be improper to permit the plaintiffs' to add seven new names to their "May Call" list who were not previously listed as potential witnesses in the pretrial order. Considering those same factors, the court also concludes that it would be improper to add the designation of Virginia Robinson at this late date. First, and foremost, in a case of this complexity and in light of the extensive discovery that was conducted, the plaintiffs have articulated no reason warranting the addition of these new names to the witness list on the eve of trial. The plaintiffs' contention that they never understood that the defendants would rely on the strained "familial relations" of the parties as a defense to their claims rings hollow. It is disingenuous at best for the plaintiffs, after thirteen years of contentious litigation, to profess that until the court's March 20, 1998, order they never understood that their personal motives, biases and prejudices would play any part in this case. The motives, biases and prejudices of the parties are almost always relevant in any case. These same issues are also relevant in evaluating the testimony of witnesses. Of course, these issues are always subject to exclusion or limitation under Fed.R.Evid. 403. *See United States v. Young,* 952 F.2d 1252, 1258 (10th Cir.1991) (even faced with an assertion of a Sixth Amendment confrontation clause viola-

tion, "[u]nder Fed.R.Evid. 403, a trial judge can exclude evidence relevant to the witness's bias if its probative value is substantially outweighed by the danger of unfair prejudice.") (footnote and citations omitted). Contrary to the plaintiffs' suggestion, there is no requirement for any party to specifically list the motives, biases and prejudice of the parties or potential witnesses as separate "defenses" in the pretrial order.

The defendants would clearly be severely prejudiced by the addition of these new witnesses. Despite numerous opportunities to list these witnesses, the plaintiffs' seek to add these new names less than two weeks before trial is set to commence. Reopening discovery—on the first day of trial—would be the only way to afford the defendants a reasonable opportunity to prepare for these additional witnesses. This the court will not do. The defendants should not be forced to divert their attention and resources to discovery matters that should have been settled long ago. Nor will the court delay the start of this case. This case has been specially set for months. The court has blocked this time for this trial on its calendar. In anticipation of the length of this trial and the attention that this case will require, other judges in the district have accepted the transfer of several civil and criminal cases, consequently adjusting their own calendars and dockets. Trial in this matter commences today. The plaintiffs have not demonstrated that it is appropriate to add these new witnesses to the pretrial at this late time.

IT IS THEREFORE ORDERED that the defendants' objections to plaintiffs supplemental trial witness list and deposition designations (Dk. 757) is granted. The plaintiffs may only call persons listed as potential witnesses in the pretrial order and may not call any of the persons identified for the first time as potential witnesses in their supplemental trial witness list and deposition designations.

