**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4985**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

ARNOLDO AVITA GAMBOA, a/k/a Angel Martinez, a/k/a Tony,

             Defendant – Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Joseph R. Goodwin,
Chief District Judge.  (2:08-cr-00151-2)

Submitted:  October 26, 2010          Decided:  March 8, 2011

Before SHEDD, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Barron M. Helgoe, VICTOR VICTOR & HELGOE LLP, Charleston, West
Virginia, for Appellant.   Charles T. Miller, United States
Attorney, Joshua C. Hanks, Assistant United States Attorney,
Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arnoldo Avita Gamboa appeals his convictions and the mandatory life sentence imposed after a jury convicted him of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006), and conspiracy to launder money, in violation of 18 U.S.C. § 1956(h) (2006). On appeal, Gamboa contends that the district court abused its discretion in seating a juror, that the court violated his due process rights by failing to sequester witnesses, that trial counsel rendered ineffective assistance, that the evidence was insufficient to sustain his conviction on the cocaine conspiracy charge, that the Government failed to prove beyond a reasonable doubt the prior convictions used to enhance his sentence, and that his sentence violates the Eighth Amendment. Finding no reversible error, we affirm.

Gamboa first contends that the district court should have dismissed a juror for cause because she had read two newspaper articles about Gamboa's co-defendant. However, the juror stated that she had not formed an opinion as to Gamboa's guilt and she did not think that the content of the newspaper articles would affect her ability to decide the case in accordance with the law and on the basis of the evidence presented at trial. Generally, a challenge for cause is "limited to situations where actual bias is shown." United

States v. Turner, 389 F.3d 111, 117 (4th Cir. 2004) (internal quotation marks omitted). It is within the trial judge's discretion to assess the credibility of a potential juror's statements about a lack of bias or prejudice. See United States v. Thompson, 774 F.2d 1065, 1068 (4th Cir. 1984). Upon review, we conclude that the district court did not abuse its discretion in seating the juror over Gamboa's objection. See Poynter ex rel. Poynter v. Ratcliff, 874 F.2d 219, 222 (4th Cir. 1989) ("A trial judge has very broad discretion in deciding whether to excuse a juror for cause and his decision will not be overturned except for manifest abuse of that discretion.").

Gamboa next contends that the district court deprived him of due process by failing to sua sponte sequester the Government's witnesses. Under Federal Rule of Evidence 615, the district court either may sua sponte, or upon a party's motion shall, sequester witnesses to prevent them from hearing other witnesses' testimony. "The purpose of the exclusion rule is . . . to prevent the possibility of one witness shaping his testimony to match that given by other witnesses at the trial. . . ." United States v. Leggett, 326 F.2d 613, 613 (4th Cir. 1964). As such, a trial court's decision as to the need for sequestration of witnesses will not be held erroneous absent a showing of prejudice arising from the presence of witnesses during the trial. See United States v. Harris, 409 F.2d 77, 81

3

(4th Cir. 1969).  Here, Gamboa has failed to establish the prejudice resulting from the trial court's decision not to sequester witnesses, and our review of the record leads us to conclude that the district court did not abuse its discretion in failing to do so sua sponte.  Id.

In a related argument, Gamboa contends that trial counsel was ineffective for failing to move for the sequestration of the witnesses.  "A defendant can raise the claim of ineffective assistance of counsel . . . on direct appeal if and only if it conclusively appears from the record that his counsel did not provide effective assistance. . . ." United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998). In the instant matter, even if we assume *arguendo* that the representation provided by Gamboa's trial counsel fell below an objective standard of reasonableness, Gamboa has failed to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).  Because the record does not conclusively demonstrate that counsel was ineffective for failing to move for the sequestration of the witnesses, we decline to consider Gamboa's claim on direct appeal.

Gamboa also argues that the evidence was insufficient to convict him of the cocaine conspiracy charge, relying

4

substantially on the facts that he was never found in possession of cocaine and the witnesses against him were convicted felons. "A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006) (defining substantial evidence). We consider both circumstantial and direct evidence, drawing all reasonable inferences from such evidence in the government's favor. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008).

To prove conspiracy with intent to distribute cocaine, "the government was required to establish (1) an agreement to . . . distribute cocaine . . . existed between two or more persons; (2) [the defendant] knew of the conspiracy; and (3) [the defendant] knowingly and voluntarily became part of the conspiracy." United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008). At trial, Gamboa's alleged co-conspirator testified that she and Gamboa worked together for years to distribute cocaine, described the methods they used to accomplish distribution, and named several people to whom they delivered cocaine. We have held that "uncorroborated testimony of an accomplice may be

5

sufficient to sustain a conviction." United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984); see United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) ("We may not weigh the evidence or review the credibility of the witnesses [because] [t]hose functions are reserved for the jury.") (internal citation omitted). Furthermore, several other witnesses testified about their dealings with Gamboa in a manner that corroborated many details of his co-conspirator's testimony. As such, we conclude that the evidence was sufficient to support the jury's verdict beyond a reasonable doubt on the cocaine conspiracy charge.

Gamboa asserts that the Government failed to prove beyond a reasonable doubt the prior convictions used to enhance his sentence. A person convicted of a drug conspiracy after two or more prior felony drug convictions faces a mandatory life sentence. 21 U.S.C. § 841(b)(1)(A) (West 1999 & Supp. 2010); 21 U.S.C. § 846. Prior to such enhancement, the government must file an information listing the prior convictions on which it seeks to rely. 21 U.S.C. § 851(a)(1) (2006). If the defendant denies the prior convictions, the government must prove any issue of fact beyond a reasonable doubt. 21 U.S.C. § 851(b), (c) (2006); United States v. Kellam, 568 F.3d 125, 145 (4th Cir.), cert. denied, 130 S. Ct. 657 (2009). We have reviewed the Government's evidence submitted at sentencing, which

6

included three certified judgments against one Arnoldo Avitia, fingerprint records correlating to these convictions (one of which listed "Gamboa" as an alias of Arnoldo Avitia), and the testimony of a fingerprint expert indicating that the fingerprint records matched Gamboa's fingerprints. We conclude that the district court did not clearly err in finding that the Government proved Gamboa's three prior felony drug convictions beyond a reasonable doubt. See Kellam, 568 F.3d at 143 (stating standard of review).

Finally, Gamboa argues that his life sentence is cruel, unusual, and disproportionate to the offense, in violation of the Eighth Amendment. However, these arguments are foreclosed by our prior decision in United States v. Kratsas, 45 F.3d 63, 65-68 (4th Cir. 1995).

Accordingly, we affirm the district court's judgment and deny Gamboa's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED